**Alexandria**

CURTIS E. FARLEY

v.

SARAH LEE (KING) FARLEY

No. 1592-88-4

Decided January 23, 1990

COUNSEL

Bernard S. Gild (Gild & Associates, P.C., on brief), for appellant.

Warren L. Dennis (James Rawles Jones, Jr.; Proskaver, Rose, Yoetz & Mendelsuhn; Dunn & Sinclair, P.C.; Kevin T. Lamp; Margaret D. Hawthorne; Ballard, Spahr, Andrews & Ingersoll, on brief) for appellee.

OPINION

**COLEMAN, J.**—Curtis Farley appeals the decision of the trial court transferring jurisdiction over matters of child custody and visitation to the Family Court for the Ninth Judicial Circuit, Charleston, South Carolina. Appellant asserts that the reason enunciated by the trial court for transferring jurisdiction, adverse media publicity, was an insufficient basis for doing so under the Virginia Uniform Child Custody Jurisdiction Act (UCCJA), Code § 20-125 *et seq.* Because the record contains ample support for the transfer of jurisdiction under the UCCJA, we find no abuse of discretion and affirm the decision of the trial court.

█ We review the evidence, and the propriety of the trial court's decision, in accordance with the following established legal standards. In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests

of the child. This standard applies especially in a case of alleged child sexual abuse, which was an issue before the trial court, and in such cases the court may subordinate the legal rights of the parents to the welfare of the child. *M.E.D. v. J.P.M.*, 3 Va. App. 391, 396-98, 350 S.E.2d 215, 219-20 (1986). In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests. *Eichelberger v. Eichelberger*, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986). A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, *M.E.D.*, 3 Va. App. at 398, 350 S.E.2d at 220, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it. Code § 8.01-680; *City of Richmond v. Beltway Properties*, 217 Va. 376, 379, 228 S.E.2d 569, 572 (1976).

For purposes of appellate review, a trial court's determination is considered to have settled all conflicts in the evidence in favor of the prevailing party, and the prevailing party's evidence is entitled to all reasonable inferences fairly deducible therefrom. *Id.* In examining the evidence and determining matters regarding a child's welfare, the trial court must consider all the evidence before it. *Venable v. Venable*, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986). Where a trial court makes a determination which is adequately supported by the record, the determination must be affirmed.

The UCCJA specifies numerous reasons why a court may transfer a case to another jurisdiction. These reasons may well be far more compelling than adverse publicity, which was the basis stated by the trial judge in this case for transfer. Among the denominated reasons specified in the Act are the avoidance of "jurisdictional competition and conflict with courts of other states" in matters of child welfare; the assurance that litigation of matters of child welfare will occur "in the state most closely connected with the child and his family and where significant evidence concerning his care, protection, training and personal relationships is most readily available;" the assurance "that the courts of this state decline the exercise of jurisdiction when the child" has a "closer connection with another state;" the discouragement of "continuing controversies" over matters of child welfare; the facilitation of "the enforcement of foreign custody orders" and the

avoidance of "relitigating foreign custody decisions in this state so far as possible"; and the promotion of "the exchange of information and other forms of mutual assistance between courts of this state and those of other states concerned with the same child." *Middleton v. Middleton*, 227 Va. 82, 93, 314 S.E.2d 362, 367 (1984). Code § 20-130 specifically authorizes a trial court, upon a finding that it is an inconvenient forum, to decline jurisdiction for, among other reasons, the fact that "another state is or recently was the child's home state;" "another state has a closer connection with the child and his family;" or "substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state."

■ The paramount consideration for a trial court, even on the determination of the most convenient forum to decide child custody and visitation, is the child's welfare. *See* Code § 20-126(A)(2); *M.E.D.*, 3 Va. App. at 396, 350 S.E.2d at 219. A trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests. *Brown v. Brown*, 218 Va. 196, 200, 237 S.E.2d 89, 92 (1977). Although a trial court may fail to specify and recite in its order all the possible reasons and adequate bases for its determination, where it is obvious from review of the record that the trial court's determination was made with the child's welfare as paramount, and it is clear that the decision is in the child's best interests, the determination is not without substantial, competent, and credible evidence to support it. *Id.*

A detailed recitation of the facts and procedural history of this case is unnecessary. Here, both the children who are the subject of this custody dispute and the custodial parent have, for some time, resided in South Carolina, their home state. Their contact with Virginia is, and has been for some time, greatly attenuated. South Carolina's courts and social services departments have a far greater ability to investigate their current situation and to supervise and provide necessary support services which the children presently need, and may need in the future. Indeed, the Virginia Social Services Department has explicitly informed the Fairfax County Circuit Court that it is unable to provide these essential services with the children in South Carolina. Despite the appellant's argument that Virginia is a more convenient forum because the alleged incidents of sexual abuse supposedly occurred in

Virginia or Florida, not in South Carolina, the witnesses who would be available to testify about those circumstance, particularly the children and mental health experts, are in South Carolina.

The record of this case shows that for a Virginia court to adjudicate child custody and visitation and to provide for the supervision would require long distance observation and fact-finding, rather than the intimate familiarity and interaction necessary in cases of this type. Such cases are continuously evolving and require ready accessibility to the courts. South Carolina can provide these services, whereas Virginia cannot. Further, the continued counseling, stable child development, and post trauma therapy, if appropriate, are available to the children in South Carolina, not Virginia.

The trial court's concern about the adverse effect of media publicity upon the children, while a factor to be considered, is but one of the many factors which support the trial court's determination that the best interests of the children require jurisdictional transfer to South Carolina. Adverse publicity was the factor which caused the trial court to act and consider whether the courts in Virginia or South Carolina should adjudicate this custody dispute. Regardless of whether adverse media publicity alone would have justified the transfer of jurisdiction, when the evidence and record as a whole are considered, it is clear that the trial court's order transferring jurisdiction is supported by the evidence and is not plainly wrong or without evidence to support it. *See* Code § 8.01-681. We therefore affirm the trial court's decision to transfer jurisdiction.

*Affirmed.*

Baker, J., and Keenan, J., concurred.