COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued by Teleconference


KATHLEEN PADILLA
                                    OPINION BY
v.        Record No. 2027-95-1    JUDGE JERE M. H. WILLIS, JR.
                                     JULY 9, 1996
NORFOLK DIVISION OF SOCIAL SERVICES

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Charles E. Poston, Judge

              Bruce C. Sams (Sams & Hawkins, P.C., on
              brief), for appellant.

              Kamala Hallgren Lannetti, Assistant City
              Attorney (Philip R. Trapani, City Attorney,
              on brief), for appellee.


     On appeal from an order changing the foster care service

plan goals for two of her children from "Return to Parent" to

"Goal for Adoption," Kathleen Padilla contends that the trial

court erred in failing to require proof that she was an unfit

parent and in finding that clear, cogent, and convincing proof

supported changing the goals of the foster care service plans.

We find no error and affirm the judgment of the trial court.

     On February 17, 1993, Ms. Padilla's six children were

removed from her custody following a child protective services

investigation into the death of one of her infant twins and the

lodging of neglect charges against her relating to her remaining

children.  Five of her children were placed in the custody of the

Norfolk Division of Social Services.  The sixth child was placed

in the custody of his paternal grandmother.

One of the five children was placed permanently in a therapeutic foster home.  Two others did not adjust to foster care and were returned to Ms. Padilla's custody in June, 1994.  Ms. Padilla was provided extensive personal and family counseling, home based services five days per week, parenting classes, and psychological examinations.  The remaining two children, the subjects of this case, have resided in separate foster homes since February, 1993.

In January, 1995, the juvenile and domestic relations district court denied Ms. Padilla's petition for custody of the two subject children.  Upon recommendation of the court-appointed special advocate, the juvenile court ordered the goals of the children's foster care service plans changed from "return to parent" to "goal for adoption."  Ms. Padilla appealed that decision to the trial court, which found that it was "not reasonably likely that [the two children] can be returned to Kathleen Padilla within a predictable time consistent with the best interests of the children despite intensive and extended efforts by Norfolk Division of Social Services and other parties to correct the conditions which led to removal from the home."  The trial court ordered the goals of the foster care service plans changed to "goal for adoption" for both children.

Ms. Padilla contends, first, that the trial court erred in failing to require proof that she was an unfit parent, and second, that the trial court erred in finding that clear and

convincing proof supported changing the goal of the foster care service plans from "return to parent" to "goal for adoption." We find neither argument persuasive.

Code § 16.1-282 sets forth no specific standard of proof for the establishment or modification of foster care plans. However, in Wright v. Arlington County Dep't of Social Services, 9 Va. App. 411, 388 S.E.2d 477 (1990), we held that the appropriate standard of proof for an abuse and neglect hearing is proof by a preponderance of the evidence. Id. at 414, 388 S.E.2d at 479. This case is analogous to Wright because the placement of the children remains temporary. Thus, proof by a preponderance of the evidence is the appropriate standard in this case. The evidence satisfied that standard.

Ms. Padilla's parental rights were not terminated in this proceeding. Should a proceeding be brought to terminate her parental rights, the "clear and convincing" burden of proof and the elements of proof set forth in Code § 16.1-283 will then apply. Ms. Padilla's parental fitness was not an issue in this proceeding.

We affirm the judgment of the trial court.

Affirmed.