COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

KATHLEEN PADILLA

MEMORANDUM OPINION[*]

v.   Record No. 1388-98-1                  PER CURIAM
                                         JANUARY 26, 1999

NORFOLK DIVISION OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(Allan D. Zaleski; Weisberg & Zaleski, on
brief), for appellant.

(Bernard A. Pishko, City Attorney; Martha G.
Rollins, Deputy City Attorney, on brief), for
appellee.


Kathleen Padilla appeals the decision of the circuit court terminating her parental rights to her son. Padilla contends that the trial court erred by (1) finding that the Norfolk Division of Social Services (DSS) presented sufficient evidence to support the termination of her parental rights; (2) admitting into evidence a psychological evaluation report of Padilla; and (3) allowing the court appointed special advocate (CASA) to testify as to her recommendation. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

consideration of a trial court is the child's best interests."

Logan v. Fairfax County Dep't of Human Development, 13 Va. App.

123, 128, 409 S.E.2d 460, 463 (1991).

> "In matters of a child's welfare, trial
> courts are vested with broad discretion in
> making the decisions necessary to guard and
> to foster a child's best interests."  The
> trial court's judgment, "when based on
> evidence heard ore tenus, will not be
> disturbed on appeal unless plainly wrong or
> without evidence to support it."

Id. (citations omitted).  "Code § 16.1-283 embodies 'the

statutory scheme for the . . . termination of residual parental

rights in this Commonwealth' [which] . . . 'provides detailed

procedures designed to protect the rights of the parents and

their child,' balancing their interests while seeking to preserve

the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d

538, 540 (1995) (citations omitted).

The trial court terminated Padilla's parental rights under

the provisions of Code § 16.1-283(C)(1).  That provision states,

in pertinent part:

> The residual parental rights of a parent
> . . . of a child placed in foster care as a
> result of court commitment . . . may be
> terminated if the court finds, based upon
> clear and convincing evidence, that it is in
> the best interests of the child and that:
> (1)  The parent . . . [has], without
> good cause, failed to maintain contact with
> and to provide or substantially plan for the
> future of the child for a period of twelve
> months after the child's placement in foster
> care notwithstanding the reasonable and
> appropriate efforts of social, medical,
> mental health or other rehabilitative
> agencies to communicate with the parent . . .
> and to strengthen the parent-child

relationship . . . .

Code § 16.1-283(C)(1).  Proof that a parent "failed, without good cause, to communicate on a continuing or planned basis with the child for a period of twelve months" is prima facie evidence of the conditions set out in subdivision (C)(1).  Code § 16.1-283(C)(3)(a).

Sufficiency of the Evidence

Padilla contends that DSS failed to present evidence sufficient under Code § 16.1-283 to support its motion to terminate her parental rights to her son, Paul.  We disagree.  In February 1993, Padilla's youngest child died as a result of septic shock caused by severe neglect.  DSS obtained an order removing Padilla's six children from her custody.  The children were placed in foster care because the home was unsafe and unclean.  At the time he was placed in foster care, Paul was seven months old and was severely developmentally delayed.

DSS provided numerous services to Padilla with the goal of returning Paul to her custody.  DSS provided home-based services, which included twenty-four-hour crisis support, transportation assistance, therapy, financial assistance, and parenting classes. Padilla improved her situation, and two of her six children were returned to her custody in 1994.

Despite the efforts of DSS to promote the parent-child relationship, Padilla failed to maintain contact with Paul. Helen Johnson, a DSS social worker, testified that she attempted

to set up meetings between Padilla and Paul throughout 1995 and 1996, but Padilla did not respond. In July 1996, Padilla indicated she was unavailable to visit Paul because she was looking for a job. Padilla did not inquire concerning Paul and sent no cards, letters, or gifts to him. In her testimony at trial, Padilla indicated that she thought she saw Paul two times in 1994, two or three times in 1995, and might have visited with him once in 1996.

In 1995, DSS changed the goal of Paul's foster care plan to adoption. This Court affirmed the changed goal in a previous appeal. See Padilla v. Norfolk Div. of Soc. Servs., 22 Va. App. 643, 472 S.E.2d 648 (1996).

Paul has been in the same foster home over six years. He has recovered from his early delays and is now on an appropriate grade level in school. Paul suffers from attention deficit disorder and displays characteristics indicative of obsessive-compulsive disorder. Paul's foster mother testified that she is in contact daily with Paul's school because he needs consistent and constant supervision of his behavior. Paul has bonded with his foster family. Paul's therapist opined that removing Paul from his foster family would be detrimental to Paul.

The trial court found that DSS proved by clear and convincing evidence that Padilla failed, without good cause, to maintain contact with Paul while he was in foster care and that

it was in Paul's best interests to terminate Padilla's parental rights under the provisions of Code § 16.1-283(C)(1). The trial court's decision is fully supported by the evidence.

## Admission of Evidence

Padilla contends that the trial court erred by admitting into evidence the report of her psychological evaluation conducted by Dr. Raleigh Phillips.  We disagree.

The juvenile and domestic relations district court required mother's evaluation by order entered August 16, 1994.  In January 1995, when Padilla appealed the juvenile court decision to the circuit court, a copy of the psychological evaluation was included in the transmitted records as a file exhibit.  Padilla objected to the report as inadmissible hearsay.

Code § 16.1-245.1 allowed the introduction of the report in the juvenile court proceeding.  Because the report was previously made a part of the file in the juvenile court and the juvenile court documents were admitted in evidence, we find no error in the trial court admitting the report of the psychological evaluation into evidence.

Padilla further contends that the trial court erred when it allowed the former CASA worker to testify whether she believed Paul should be returned to Padilla.  Code § 9-173.8(2) specifically authorizes a CASA worker to make recommendations concerning a child's welfare in reports to the court.  While Paul's placement was intertwined with the inquiry before the court, the ultimate issue to be decided was the separate question whether to terminate Padilla's parental rights.  The CASA worker's opinion regarding Paul's placement did not intrude on

the trial court's obligation to decide whether to terminate Padilla's parental rights.  Therefore, we find no error in the trial court's admission of the CASA worker's recommendation.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.