COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


TIMOTHY D. WILSON

                                    MEMORANDUM OPINION*
v.    Record No. 1514-01-2              PER CURIAM
                                     JANUARY 8, 2002
PETERSBURG DEPARTMENT OF SOCIAL SERVICES


             FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                     Pamela S. Baskervill, Judge

          (William B. Bray; Perry & Bray, on brief),
          for appellant.

          (Joan M. O'Donnell, on brief), for appellee.


     Timothy D. Wilson (father) appeals the decision of the

circuit court terminating his residual parental rights to his

sons, Lord I. Jones and Chaz A. Jones.  On appeal, father contends

the trial court erred in finding (1) the permanency planning

orders of May 21, 2001 were in the best interests of the children;

(2) the evidence sufficient to support termination of his parental

rights under Code § 16.1-283(C)(1); (3) the evidence sufficient to

support termination of his parental rights under Code

§ 16.1-283(C)(2); and (4) the termination of father's parental

rights was in the best interests of the children.  Upon reviewing

the record and briefs of the parties, we conclude that this appeal

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

On October 15, 1998, the Petersburg Department of Social Services (the Department) filed petitions requesting emergency removal of Lord and Chaz from their parents' care, alleging the children had been abandoned and neglected.  Trisha R. Jones (mother) left her home at approximately 11:00 p.m. on October 12, 1998 without providing information on her whereabouts or when she would return.  Father was incarcerated at the time.  Father and mother are both infected with HIV, as is Chaz, their younger son.  When mother left, she did not leave any instructions concerning Chaz's medical care.

In November 1998, the juvenile and domestic relations district court reviewed the initial foster care service plans for the children.  The initial goal was to return the children home.  The plans were reviewed regularly in accordance with Code § 16.1-282, providing mother and father opportunity to present evidence of alternatives to foster care for their children.  However, the children have remained in foster care since October 1998, and the parents have failed to demonstrate they have made

-

sufficient change in their lives to allow a safe return of the children to their care.

In February 2000, the Department sought approval of a new plan with a change in goal from returning the children home to adoption. The juvenile court continued the hearing from February 22, 2000 until August 22, 2000, to allow father the opportunity to establish a safe environment for his children. After reviewing the evidence, the juvenile court approved the change in goal to adoption on August 22, 2000. In February 2001, the juvenile court granted the Department's separate petitions to terminate mother's and father's parental rights.

The circuit court heard the evidence ore tenus on April 12, 2001. The court approved the permanency plan and terminated mother's and father's parental rights.

### Analysis

#### I.

On April 12, 2001, pursuant to Code § 16.1-282, the circuit court approved the Department's plan changing the foster care service plan goals for the children from "Return to Parent" to "Goal for Adoption."

Father argues the circuit court erred by failing to require proof that he abused or neglected his children. "[P]arental fitness [is] not an issue in" proceedings under Code § 16.1-282. Padilla v. Norfolk Div. of Soc. Servs., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996). The evidence showed father had not

-

maintained contact with the Department and had not provided information regarding his current financial, medical, housing or psychological situation. Father abruptly abandoned his visitation of the children after maintaining regular visitation for only several months. During the December 2000 extended visitation, father walked out on his family after only one night, leaving the children in mother's care despite orders not to leave them alone with her. The Department proved, by a preponderance of the evidence, that changing the goal from "Return to Parent" to "Goal for Adoption" was in the best interests of the children.

## II.

Father argues the Department failed to produce clear and convincing evidence to support termination of his parental rights under Code § 16.1-283(C)(1).

In pertinent part, that section provides:

> The residual parental rights of a parent or parents of a child placed in foster care as a result of court commitment . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:
>
> 1. The parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with

-

the parent or parents and to strengthen the parent-child relationship. Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition.

Code § 16.1-283(C)(1). During the time his children have been in foster care, father has been incarcerated several times and did not have contact with his children for significant periods of time. Furthermore, father failed to provide any plan for his sons' future. In the two years prior to the hearing that Lord and Chaz spent in foster care, father had continuing contact with them between August 2000 and December 2000 only. Father's continued failure to maintain contact with his children constituted prima facie evidence to terminate his parental rights. Father failed to rebut the presumption created by statute. We conclude that this record contains sufficient evidence that father's parental rights were properly terminated under Code § 16.1-283(C)(1).

## III.

Under Code § 16.1-283(C)(2), the court can terminate a party's parental rights if the parent has "been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement." Father's

-

children spent thirty months in foster care, and father was incarcerated several times during that period.

> [W]hile long-term incarceration does not, per se, authorize termination of parental rights or negate the Department's obligation to provide services, it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the child will be served by termination.

Ferguson v. Stafford County Dep't of Soc. Servs._,_ 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).  In addition to his repeated incarceration, father failed to complete many required programs, including anger management classes, family counseling, and individual counseling.  He also failed to undergo a required substance abuse evaluation.  Father's inability to remedy substantially the conditions that led to his sons' placement in foster care was without "good cause."  We conclude that this record contains sufficient evidence that father's parental rights were properly terminated under Code § 16.1-283(C)(2).

IV.

"In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests."  Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).  On appeal, we presume that the trial court "thoroughly weighed all the evidence, considered the statutory requirements, and made its

-

determination based on the child's best interests." Id. at 329, 387 S.E.2d at 796. Furthermore, "[w]here, as here, the trial court heard the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). The trial court did not abuse its discretion by determining it was in the best interests of the children to terminate father's residual parental rights. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.