COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


WILLIAM PERRY, JR.

                                    MEMORANDUM OPINION*
v.    Record No. 1102-02-1               PER CURIAM
                                      OCTOBER 29, 2002
HAMPTON DEPARTMENT OF
 SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                  Christopher W. Hutton, Judge

            (Stephen K. Smith, on brief), for appellant.

            (Lesa J. Yeatts, Deputy City Attorney; City
            Attorney's Office, on brief), for appellee.


     William Perry, Jr. appeals the trial court's order affirming

an order of the juvenile and domestic relations district court

changing the goal of the foster care service plan for his child

from "return to parent" to "adoption."  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

     Perry's daughter was born on January 7, 2000.  She came into

foster care in May 2000 when the child's mother left the child

with a neighbor and failed to return "after an extended period of

time."  At a hearing held in the trial court on March 8, 2002, a

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

case worker testified that Perry "had been in and out of jail" during this time.  When Perry was not incarcerated, the Hampton Department of Social Services (DSS) required him to complete certain goals in order for him to regain custody of his daughter. Perry was to enter a drug program, attend parenting classes, find employment, find appropriate housing, establish a visitation schedule with his daughter, and maintain contact with DSS.  Perry failed to complete these goals and only visited his daughter one time in February 2001.  Perry also failed to maintain contact with DSS.

Perry testified that he desired the foster care service plan to reflect a goal of "return to parent."  He stated he had enrolled in a fatherhood program and that his work hours frequently prevented him from visiting his daughter.  Perry also stated that he was being released from incarceration in May 2002 and would be able to care for his daughter upon his release.

Perry's guardian ad litem asked the trial court to approve the foster care service plan with a goal of "return to parent." DSS and the guardian ad litem for the child requested that the trial court approve the foster care service plan with a goal of adoption.

The foster care service plan indicates that the child is "thriving" in foster care.  The plan also states that Perry has not sufficiently addressed the tasks and responsibilities outlined

-

in the previous service plan.  The trial court approved the foster care service plan with the goal of adoption.

Proof by a preponderance of the evidence is the appropriate standard in a case involving the modification of foster care plans pursuant to Code § 16.1-282.  Padilla v. Norfolk Div. of Soc. Servs., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996).

"When addressing matters concerning a child . . . the paramount consideration of a trial court is the child's best interests."  Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests."  Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).  On appeal, we presume that the trial court "thoroughly weighed all the evidence, . . . and made its determination based on the child's best interests."  Id. at 329, 387 S.E.2d at 796.  Furthermore, "[w]here, as here, the trial court heard the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

The evidence showed that Perry has not maintained consistent contact with DSS, and he has not maintained regular visitation with his child.  The foster care service plan indicated that Perry

-

has no bond with his child.  Perry has been periodically incarcerated during the time the child has been in foster care, and he has not addressed the responsibilities identified by DSS in order to regain custody of his daughter.  "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'"  <u>Linkous v. Kingery</u>, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (citation omitted).  Therefore, DSS proved, by a preponderance of the evidence, that changing the goal from "return to parent" to "goal for adoption" was in the best interests of the child.  Accordingly, the trial court did not err in affirming the order of the juvenile and domestic relations district court approving the permanent foster care service plan with a goal of adoption.

<u>Affirmed.</u>

-