COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


TERESA A. WILLIAMS
                                    MEMORANDUM OPINION*
v.    Record No. 1017-02-1              PER CURIAM
                                     OCTOBER 29, 2002
HAMPTON DEPARTMENT OF
 SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                   Christopher W. Hutton, Judge

            (Lawrence A. Martin; Coyle, Martin &
            Blackwell, on brief), for appellant.

            (Lesa J. Yeatts, Deputy City Attorney; City
            Attorney's Office, on brief), for appellee.


     Teresa A. Williams appeals the trial court's order affirming

an order of the juvenile and domestic relations district court

changing the goal of the foster care service plan for her child

from "return to parent" to "adoption."  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

     Williams' daughter was born on January 7, 2000.  She came

into foster care in May 2000 when Williams left the child with a

neighbor and failed to return "after an extended period of time."

At a hearing held in the trial court on March 8, 2002, a case

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

worker testified that Williams was incarcerated for eight months out of the twenty-four months the child had been in foster care. When Williams was not incarcerated, the Hampton Department of Social Services (DSS) required her to complete certain goals in order for her to regain custody of her daughter. Williams was to complete a drug program, complete a live-in workout program, complete a parenting class, maintain employment for six months, maintain stable housing, maintain visitation and maintain contact with the DSS. DSS offered services to Williams, including the Healthy Family Parenting Education Program, drug treatment, and visitation with the child. Williams visited her child four times between July 2000 and February 2001. Also during this time period, Williams had two relapses when she resumed using controlled substances. Williams last contacted DSS in mid-2001.

Williams testified she wanted the foster care service plan to reflect a goal of "return to parent." She stated she could conquer her addiction and wanted to be part of her daughter's life. Williams was sentenced to serve one year incarceration in March 2002, but she stated that upon her release, she would comply with all of the requirements of DSS and do what was necessary to take responsibility for her daughter.

Williams' guardian ad litem asked the trial court to approve the foster care service plan with a goal of "return to parent." Williams asked that her daughter be placed with the child's father upon his release from jail in May 2002 until she was released from

-

incarceration later that same year.  DSS and the guardian ad litem
for the child requested that the trial court approve the foster
care service plan with a goal of adoption.

The foster care service plan indicates that the child is
"thriving" in foster care.  The plan also states that Williams has
not sufficiently addressed the tasks and responsibilities
discussed in the previous service plan.  On March 29, 2002, the
trial court approved the foster care service plan with the goal of
adoption.

Proof by a preponderance of the evidence is the appropriate
standard in a case involving the modification of foster care plans
pursuant to Code § 16.1-282.  Padilla v. Norfolk Div. of Soc.
Servs., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996).

"When addressing matters concerning a child . . . the
paramount consideration of a trial court is the child's best
interests."  Logan v. Fairfax County Dep't of Human Dev., 13
Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  "In matters of a
child's welfare, trial courts are vested with broad discretion in
making the decisions necessary to guard and to foster a child's
best interests."  Farley v. Farley, 9 Va. App. 326, 328, 387
S.E.2d 794, 795 (1990).  On appeal, we presume that the trial
court "thoroughly weighed all the evidence, . . . and made its
determination based on the child's best interests."  Id. at 329,
387 S.E.2d at 796.  Furthermore, "[w]here, as here, the trial
court heard the evidence ore tenus, its finding is entitled to

-

great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

The evidence showed that Williams has not maintained consistent contact with DSS and she last contacted DSS in mid-2001. She has not maintained regular visitation with her child, and the foster care service plan indicated that Williams has no bond with her child. Williams has been incarcerated several times during the time the child has been in foster care, and she has not addressed the responsibilities identified by DSS in order to regain custody of her daughter. "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (citation omitted). Therefore, DSS proved, by a preponderance of the evidence, that changing the goal from "return to parent" to "goal for adoption" was in the best interests of the child. Accordingly, the trial court did not err in affirming the order of the juvenile and domestic relations district court approving the permanent foster care service plan with a goal of adoption.

Affirmed.

-