COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Kelsey and Senior Judge Hodges


KEVIN STRONG

                                              MEMORANDUM OPINION*
v.       Record No. 2383-03-1                       PER CURIAM
                                                  APRIL 27, 2004
HAMPTON DEPARTMENT
 OF SOCIAL SERVICES


             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Wilford Taylor, Jr., Judge

          (Carter Phillips; Weisbrod & Phillips, on brief), for appellant.

          (Lesa J. Yeatts, Deputy City Attorney; Lawrence A. Martin,
          Guardian *ad litem* for the infant children; Coyle & Martin,
          on brief), for appellee.


       Kevin Strong, father, appeals the trial court's decision to change the foster care plan goal for

his five children to adoption.  On appeal, father contends the trial court erred in finding by the

preponderance of the evidence that he had, without good cause, been unwilling or unable to remedy

substantially the conditions which led to the foster care goals being changed to adoption.  Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

                                   Background

       On appeal, we view the evidence and all reasonable inferences in the light most favorable to

the Hampton Department of Social Services (HDSS), the prevailing party below.  See McGuire v.

McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).  So viewed, the evidence established

that father is the parent of five girls, one of whom is autistic and mentally retarded and three of

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

whom are triplets with learning disabilities.  All five children were removed from their parents' care in November 2000, pursuant to a removal order and finding of neglect.  The goal of the foster care plan was to return the children to their parents.  The five children remained in the custody of HDSS until November 12, 2002, when they were returned to their parents and a Child Protective Order was entered requiring the parents to abstain from harmful conduct or acts towards the children and each other.  On January 15, 2003, the court found that abuse and neglect had occurred and removed the children from their parents' custody and returned them to the custody of HDSS.  One of the children had been burned with a hotplate, which did not appear to have been accidental, and the living conditions at the family home were unacceptable.

Allison Bailey-Leonard prepared a new foster care plan for the children in May 2003.  The plan's goal was to return one of the children to the parents, the child with the highest functioning ability, and to place the four children with learning and/or mental issues with a relative.  Bailey-Leonard did not consider returning all of the children to the parents as a goal because the children had previously been in foster care and had been returned to their parents for a very brief time before having to return to foster care.  In addition, there were allegations of domestic violence in the home despite the on-going services HDSS had in place, and Bailey-Leonard had concerns for the children's safety.  Bailey-Leonard prepared this plan without the use of the Parenting Capacity Study made on the parents and prepared by Dr. Karen Fox because the parents refused to give Fox permission to release the Study to HDSS.  However, only one relative indicated her willingness to assume custody and she would only assume custody of the triplets.  This relative later changed her mind, saying that she felt threatened by the father.  Bailey-Leonard then agreed with the new foster care plan with the goal being adoption.

Dr. Fox evaluated father's parental capacity April 15, 2003.  Although he had attended parenting classes and family therapy, father "demonstrated very poor understanding about normal

child growth and development, appropriate developmental expectations, and knowledge of appropriate family roles." Based on the evaluation, Fox opined that the children should not be returned to the care of their parents without extensive continuous treatment for mental illness, which the father resisted and without intensive support from outside agencies.

Wayne Martin, a licensed clinical social worker, testified on behalf of the father and stated that he had no concerns about the father's capacity to parent his children. Martin opined that the best interests of the children would be to return them to their parents' home.

Father testified that he did not have an alcohol problem, that he had not been abusive towards his wife in the past year or hit his children, and that he had not been present when one of his children was burned with a hot plate. Father testified he was concerned about his children getting hurt while in foster care. Father testified that the family home has a working bathroom and food in the cabinets and refrigerator. Father objected to the goal of adoption.

After hearing all the evidence, the trial court approved the goal of adoption as being in the children's best interest.

## Analysis

"[W]hen addressing matters concerning a child, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990). "The trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. Proof by a preponderance of the evidence is the appropriate standard of proof in a proceeding

involving the modification of a foster care plan. Padillo v. Norfolk Div. Of Soc. Servs., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996).

The trial court heard evidence that after being in foster care for about two years, the children were returned to their parents' custody where they remained for only two months before returning to foster care because of a finding of abuse and neglect. The evidence proved that despite extensive services provided, conditions in the family home had not improved and the children were removed from the home. The evidence proved that a relative had been willing to care for some of the children, but later withdrew her offer because she felt threatened by the father. The current foster care worker, Bailey-Leonard, testified that she agreed with the foster care plan having the goal of adoption. The trial court heard Dr. Fox's opinion about the father's parenting capacity and his resistance to getting the treatment needed to correct the problems. Expert testimony showed that ongoing services are necessary for the father to have any chance for reunification, causing further delay for these children who have not had a permanent and stable home since October 2000. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

This record supports the trial court's finding that the best interests of the children would be served by changing the foster care plan goal to adoption. It is apparent that the father has inadequate parenting capacity and is resistant to getting the needed continuous treatment to remedy this situation. Accordingly, we summarily affirm the judgment. See Rule 5A:27.

Affirmed.