COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


BRANDY WIMMER

                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1478-04-3              JUDGE ROBERT P. FRANK
                                        OCTOBER 5, 2004
ROANOKE CITY DEPARTMENT OF
  SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Charles N. Dorsey, Judge

(Eric Roland Spencer, on brief), for appellant.  Appellant submitting
on brief.

(William M. Hackworth, City Attorney; Heather P. Ferguson,
Assistant City Attorney, on brief), for appellee.  Appellee
submitting on brief.

(Diana M. Perkinson; Perkinson & Perkinson, on brief), Guardian
*ad litem* for the infant children.  Guardian *ad litem* submitting on
brief.


       Brandy Wimmer (mother) appeals the trial court's order which affirmed a decision of the

juvenile and domestic relations district court to change the goal of the foster care service plan for

her children from "return to parent" to "adoption."  On appeal, mother contends the evidence

was insufficient to support the change.  We hold that the trial court did not err in finding that a

preponderance of the evidence supported the foster care goal change.  Accordingly, we affirm the

decision of the trial court.

---

     [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

So viewed, the evidence established the Roanoke City Department of Social Services (DSS) obtained an emergency removal order for mother's daughter, ML, on November 13, 2002, as a result of a child protective services complaint received from a hospital. ML had been diagnosed at the hospital with shaken baby syndrome. As a result of the shaking incident, ML has a number of physical disabilities requiring special services, including blindness, developmental delays, and cerebral palsy. ML also requires weekly physical therapy. Mother was convicted on December 2, 2003 of felony child abuse or neglect for the injuries ML sustained.

When ML entered foster care, DSS set forth responsibilities for mother to achieve in order for ML to return home. Mother was to undergo a psychological evaluation and comply with any recommendations resulting from the examination. She was to participate in counseling and parenting classes, maintain employment and financial stability, and cooperate with the Court Appointed Special Advocate. Although mother completed the evaluation, complied with counseling, and attended parenting classes, DSS remained concerned because mother deferred all parenting questions to her mother, Sharon St. Clair. St. Clair's petition for custody of ML was twice denied based in part on her history of psychiatric hospitalizations and instability. During the time ML has been in foster care, mother has been unable to find employment or stable housing. DSS concluded mother's instability prevented her from meeting the exceptional demands ML's special needs require.

On October 28, 2003, mother gave birth to MN. Fearing that she would be abused or neglected in mother's home, DSS immediately removed MN.

DSS moved to change the goal for the two girls to adoption based upon mother's failure to maintain stable housing, obtain or maintain employment, and her conviction for felony child abuse or neglect.

ANALYSIS

Proof by a preponderance of the evidence is the appropriate standard in a case involving the modification of foster care plans pursuant to Code § 16.1-282. Padilla v. Norfolk Div. of Soc. Servs., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996).

"When addressing matters concerning a child . . . the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). On appeal, we presume that the trial court "thoroughly weighed all the evidence, . . . and made its determination based on the child's best interests." Id. at 329, 387 S.E.2d at 796. Furthermore, "[w]here, as here, the trial court heard the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

The evidence showed that mother was convicted of felony child abuse or neglect following the injuries ML sustained and the diagnosis that she suffered from shaken baby syndrome. Mother has also failed to comply with all the requirements of the foster care plan. Specifically, she has been unable to maintain stable housing or financial stability, and has been unable to secure employment in the over seventeen months since ML entered foster care.

She has not addressed the responsibilities identified by DSS in order to regain custody of her daughters. "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (citation omitted).

Mother's contention that DSS failed to provide her with reasonable services following the removal of MN from her care is also without merit. In pertinent part, Code § 16.1-281(B) provides:

> The local board or other child welfare agency having custody of the child shall not be required by the court to make reasonable efforts to reunite the child with a parent if the court finds that . . . based on clear and convincing evidence, the parent has subjected *any child* to aggravated circumstances, or abandoned a child under circumstances which would justify the termination of residual parental rights pursuant to subsection D of § 16.1-283.

(Emphasis added.)

Code § 16.1-281 defines "aggravated circumstances" as:

> torture, chronic or severe abuse, or chronic or severe sexual abuse, if the victim of such conduct was a child of the parent or child with whom the parent resided at the time such conduct occurred, including the failure to protect such a child from such conduct, which conduct or failure to protect: (i) evinces a wanton or depraved indifference to human life, or (ii) has resulted in the death of such a child or in serious bodily injury to such a child.

Mother's conviction for felony child abuse or neglect constitutes a finding of "aggravated circumstances." Therefore, DSS proved, by a preponderance of the evidence, that changing the goal from "return to parent" to "goal for adoption" was in the best interests of both of the children. Accordingly, the trial court did not err in affirming the order of the juvenile and domestic relations district court approving the permanent foster care service plan with a goal of adoption.

Affirmed.