COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Clements and Haley


DERRICK HORTON

                                                              MEMORANDUM OPINION[*]
v.       Record No. 2076-05-1                                        PER CURIAM
                                                               FEBRUARY 28, 2006
CITY OF HAMPTON DEPARTMENT
  OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Wilford Taylor, Jr., Judge

            (M. Woodrow Griffin, Jr., on brief), for appellant.

            (Lesa J. Yeatts, Deputy City Attorney; Lawrence A. Martin,
            Guardian *ad litem* for the child; Coyle & Martin, on brief), for
            appellee.


        Derrick Horton (father) appeals the trial court's order changing the goal of the permanency

planning order for his daughter from "return to parent" to "adoption."  On appeal, father contends

the trial court erred by changing the goal to adoption and refusing to adopt the proposed concurrent

goal of placement with relative.  Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

Rule 5A:27.

                                      Background

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The child went into foster care directly from the hospital after her birth in October 2003. Father was incarcerated at the time daughter was born and was incarcerated at the time of the June 7, 2005 hearing of this matter. Father has never provided support for daughter or attempted to contact her, although he had limited contact with several social workers. Mother visited daughter on occasion and brought a paternal relative to some of the visitations. The Court Report in the record states that the only relative to come forward and follow through with pursuing custody of daughter was the maternal grandmother, who resides in New York. After a home study, the Department of Social Services denied placement of daughter with the maternal grandmother. The guardian *ad litem* opined that it was in daughter's best interest to be adopted. The trial court found that there was no relative with whom the child could be placed and changed the goal of the permanency planning order to adoption.

Analysis

Proof by a preponderance of the evidence is the appropriate standard in a case involving the modification of foster care plans pursuant to Code § 16.1-282. Padilla v. Norfolk Div. of Soc. Servs., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996).

"When addressing matters concerning a child . . . the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). On appeal, we presume that the trial court "thoroughly weighed all the evidence, . . . and made its determination based on the child's best interests." Id. at 329, 387 S.E.2d at 796. Furthermore, "[w]here, as here, the trial court heard the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to

support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

The record supports the trial court's findings that there is no relative with whom daughter can be placed and the best interests of the child will be served by changing the permanency planning order goal to adoption. No relative other than the maternal grandmother pursued custody of daughter. In addition, father has never attempted to contact daughter and has not planned for her future in any way. "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (citation omitted). Furthermore, daughter has been in foster care her entire life. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, we summarily affirm the judgment. See Rule 5A:27.

Affirmed.