COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Haley and Senior Judge Coleman


COLIN Q. CHAPPELL

MEMORANDUM OPINION

v.        Record No. 0890-07-1                                  PER CURIAM
                                                          NOVEMBER 6, 2007

CITY OF NEWPORT NEWS
 DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

(Richard H. Lewis, Jr., on brief), for appellant.

(Allen J. Jackson, Chief Deputy City Attorney; Robert E. Pealo,
Assistant City Attorney; Warren F. Keeling, Guardian *ad litem* for
the minor child, on brief), for appellee.


        Colin Q. Chappell (father) appeals the trial court's order changing the goal of the foster care

plan for his son from "return to parent/placement with relatives" to "adoption."  On appeal, father

contends the evidence does not support the trial court's decision.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

                                        Background

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

        On December 6, 2005, the Newport News Department of Social Services (DSS) received a

report that the welfare of the child, who was then ten months old, was endangered.  DSS obtained

_____
Pursuant to Code § 17.1-413, this opinion is not designated for publication.

an emergency removal order on December 8, 2005 and removed the child from the care of its mother. Father's whereabouts were unknown at the time.

On February 6, 2006, DSS filed an initial foster care service plan with concurrent goals of "return to home" and "relative placement." The plan required father, among other things, to maintain employment and stable housing, undergo substance abuse treatment, attend anger management and parenting classes, undergo a parent/child assessment, remain alcohol and drug free, and cooperate with the provision of services. DSS offered services to father, including family stabilization services through Project LINK, transportation assistance, coordination of visitation, and referrals for services such as parenting classes and substance abuse treatment.

On December 20, 2006, DSS filed a petition in the juvenile and domestic relations district court (JDR court) for a permanency planning hearing related to the child. The petition proposed to change the goal of the foster care plan from "return to parent/placement with relatives" to "adoption." DSS had explored the goal of "relative placement" but was unable to find a relative who was an appropriate placement source. DSS requested the change to adoption because both parents had not complied with the initial foster care service plan and had failed to maintain consistent contact with DSS. The JDR court approved the change in the goal, and both parents appealed to the trial court.

In the trial court, Dr. Jennifer Gildea, who performed a parenting/psychological assessment on father, testified that father was at risk for continued substance abuse, and she recommended against returning the child to father's care until he completed several services. DSS referred father to the recommended services, but after beginning the programs several times, father failed to complete substance abuse treatment and a parenting course. He also tested positive for cocaine and marijuana use. Father has a criminal history including convictions for grand larceny auto theft, assault and battery, and possession of marijuana.

Father completed an anger management course. However, father had infrequent visitation with the child after April 2006 and he last visited with the child seven months prior to the trial court hearing. Father also failed to maintain contact with DSS or involve himself in planning for the child.

Father testified he is employed full-time and maintains stable housing. He stated that his visitations with the child stopped only because he was arrested and that he had unsuccessfully attempted to schedule visitations with the child in recent months. He acknowledged that he had failed to complete a substance abuse program, but he testified he was now ready to complete such a program and to do whatever he could to maintain his relationship with his son.

The guardian *ad litem* for the child opined that it was in the best interests of the child for the trial court to approve the goal of adoption, noting that the continued drug use of both parents was "problematic."

The child has resided in a foster home since December 8, 2005. He is in good health and is doing well. His older sister is in the same foster home. Father's parental rights to three other children have been terminated.

The trial court expressed concern about father's admitted marijuana use and law violations. Although the court stated that father's marijuana use may be "correctable," the court agreed with the guardian *ad litem* that the difficulty both parents had in abstaining from drug use was "problematic." The trial court found father had failed to demonstrate that he had substantially remedied the conditions that led to the child's placement in foster care in December 2005, and it approved the foster care plan goal of "adoption."

<u>Analysis</u>

Proof by a preponderance of the evidence is the appropriate standard in a case involving the modification of foster care plans pursuant to Code § 16.1-282. <u>Padilla v. Norfolk Div. of Soc. Servs.</u>, 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996).

"When addressing matters concerning a child . . . the paramount consideration of a trial court is the child's best interests." <u>Logan</u>, 13 Va. App. at 128, 409 S.E.2d at 463. "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." <u>Farley v. Farley</u>, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). On appeal, we presume that the trial court "thoroughly weighed all the evidence, . . . and made its determination based on the child's best interests." <u>Id.</u> at 329, 387 S.E.2d at 796. Furthermore, "[w]here, as here, the trial court heard the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." <u>Martin v. Pittsylvania County Dep't of Soc. Servs.</u>, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

Father contends that DSS made little effort to achieve the goal of reuniting him with the child. He also argues he made substantial efforts to achieve compliance with the initial foster care service plan and the trial court erred by changing the goal of the plan to "adoption."

The evidence showed that father was employed and had housing. He also completed the parenting/psychological evaluation and anger management classes. However, father continued to use illegal drugs. Staying drug free was a significant concern of the trial court and the parties involved in assessing the family. Moreover, DSS had referred father to a substance abuse treatment program on several occasions, and he never completed the treatment. Father told Dr. Gildea that he planned to use marijuana unless a court required him to stop.

In addition, father failed to finish a parenting class and he failed to complete other services recommended by Dr. Gildea despite being referred to the services by DSS. "The law does not require the division to force its services upon an unwilling or disinterested parent." Barkey v. Alexandria Dep't of Soc. Servs., 2 Va. App. 662, 670, 347 S.E.2d 188, 192 (1986). Father did not maintain regular visitation with the child, and he failed to sustain contact with DSS or involve himself in planning for the child.

"'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)). Furthermore, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). The minor child has been in foster care for almost two years, the majority of his life.

Therefore, DSS proved, by a preponderance of the evidence, that changing the goal of the foster care service plan to "adoption" was in the best interests of the child. Accordingly, the trial court did not err by approving the foster care service plan with a goal of "adoption."

Affirmed.