COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

UNPUBLISHED

HAMEEN IRVIN

v.      Record No. 1719-17-3

ROANOKE COUNTY DEPARTMENT
OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
JUNE 12, 2018

FROM THE CIRCUIT COURT OF THE CITY OF SALEM
J. Christopher Clemens, Judge

(Suzanne Moushegian; Moushegian Law, P.L.L.C., on brief), for
appellant. Appellant submitting on brief.

(Rachel W. Lower, Assistant County Attorney; Kelli C. Boyer,
Guardian *ad litem* for the minor child, on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.

Hameen Irvin (father) appeals the circuit court's order terminating his parental rights and

approving the goal of adoption. Father argues that the circuit court erred by (1) terminating his

parental rights to his child pursuant to Code § 16.1-283(C)(2) because the Roanoke County

Department of Social Services (the Department) "did not offer any services to [father] to remedy or

eliminate the conditions which led to the child's foster care placement and the termination of the

residual parental rights of [father] was not shown to be in the best interest of [the child];" and

(2) approving the foster care plan's goal of adoption because the Department "did not prove by clear

and convincing evidence that [father] deliberately failed to comply with services recommended by

[the Department], since no services were offered to him" and the goal of adoption was not in the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

best interest of the child. Upon reviewing the record and briefs of the parties, we conclude that the trial court did not err. Accordingly, we affirm the decision of the trial court.

BACKGROUND

"On appeal, 'we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below, in this case the Department.'" Farrell v. Warren Cty. Dep't of Soc. Servs., 59 Va. App. 375, 386, 719 S.E.2d 329, 334 (2012) (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180, 409 S.E.2d 16, 18 (1991)).

Father and Kelly Combs (mother) are the biological parents to the child who was born in December 2015 and is the subject of this appeal. The child was born substance exposed and underwent methadone detoxification. Approximately one week after the child's birth, mother tested positive for methamphetamine, buprenorphine, and amphetamine. She admitted to using heroin and methamphetamine two days prior to the child's birth. After plans to release the child to mother and his maternal grandmother failed, the City of Salem Juvenile and Domestic Relations District Court (the JDR court) entered an emergency removal order, and the child was placed in foster care on December 21, 2015.

At the time of the child's removal, father was incarcerated at the local jail, awaiting trial on federal charges. A social worker reviewed the situation with father in jail prior to the child being placed in foster care. Beginning January 4, 2016, the Department sent several letters to father while he was incarcerated at the local jail. The Department advised father of the child's condition, encouraged father to send pictures and letters, requested a list of possible relative placements, and encouraged father to participate in substance abuse and parenting classes at the jail. Another social worker visited father at the jail again on July 7, 2016, and explained the process required by any relatives interested in becoming a placement option. The social worker also updated father on the child's condition and encouraged father to send pictures and letters. Father informed the social

worker that he was "unable to participate in any substance abuse classes or services" during his incarceration at the local jail.

On October 3, 2016, the JDR court entered a permanency planning order and approved the goal of adoption. On October 31, 2016, the JDR court terminated father's parental rights to the child pursuant to Code § 16.1-283(C)(1).[1] Father appealed both orders.

On February 14, 2017, father pleaded guilty to conspiracy to possess with intent to distribute 100 grams or more of heroin, and the United States District Court sentenced father to ninety months in prison.

On September 21, 2017, the parties appeared before the circuit court for father's appeals of the JDR court's orders. At the beginning of the hearing, father requested a continuance until he was released from federal prison, which he told the court was expected to be in December 2019.[2] The circuit court denied the motion. The Department presented evidence that the child has remained with the same foster family since he entered foster care and that he is in a potential adoption placement. The social workers testified that although the child had ongoing medical needs, he had made "significant progress" and was "developmentally normal." The Department testified that because of father's incarceration, he has not met the child. The Department testified about the efforts it made to update father and encourage him to participate in services offered at the jail. The Department presented evidence about its investigation of alternative placement options, but none of the relatives or individuals were viable placement options. Although given the opportunity, father elected not to testify. After hearing all of the evidence and argument, the circuit court ordered that father's parental rights be terminated pursuant to Code § 16.1-283(C) and further found that the

---

[1] The JDR court also terminated mother's parental rights pursuant to Code § 16.1-283(C)(1).

[2] Father's counsel calculated his release date as December 20, 2021.

termination of father's parental rights was in the best interests of the child. On October 12, 2017, the circuit court entered an order reflecting the termination of father's parental rights pursuant to Code § 16.1-283(C)(1) and (C)(2) and the approval of the foster care goal of adoption. This appeal followed.

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190, 717 S.E.2d 811, 814 (2011) (quoting Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)).

Termination of parental rights

Father argues that the circuit court erred by terminating his parental rights pursuant to Code § 16.1-283(C)(2) because the Department did not offer him any services and the termination was not in the best interests of the child.

While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), terminations under the subsections of Code § 16.1-283(C) provide "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003). "Furthermore, each subsection, although similar in nature, is written as a distinct and grammatically independent provision of the statute." Id.

Father contends the evidence was insufficient to support the termination of his parental rights pursuant to Code § 16.1-283(C)(2), but he does not challenge the termination pursuant to Code § 16.1-283(C)(1). Father's failure to challenge the termination under Code

§ 16.1-283(C)(1) renders moot his claim regarding the termination under Code § 16.1-283(C)(2), and we need not consider it. See Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005).

Permanency planning order

Father argues that the circuit court erred by approving the foster care goal of adoption because the Department "did not prove by clear and convincing evidence that [father] deliberately failed to comply with services recommended by the [Department], since no services were offered to him, and that the foster care goal of adoption was not shown to be in the best interest of [the child]."

Contrary to father's arguments, the Department was not required to offer him services while he was incarcerated. See Harrison v. Tazewell Cty. Dep't of Soc. Servs., 42 Va. App. 149, 163-64, 590 S.E.2d 575, 583 (2004). This Court has held that "[i]t would be patently unreasonable to require the Department, under such circumstances, to continue to offer services." Id. "[A]s long as he was incarcerated, the Department would have had no avenue available to offer [father] services aimed at assisting him in regaining custody of the child." Id. at 164, 590 S.E.2d at 583. Nevertheless, the Department visited father in jail and provided him with updates of the child. The Department sought father's input into possible relative placements and encouraged him to participate in services while he was incarcerated.

Applying the correct standard of preponderance of the evidence, we find that the Department presented sufficient evidence to support the foster care goal of adoption and that the circuit court did not err in approving the goal and finding that adoption was in the child's best interest.[3] At the time of the circuit court hearing, the child had been in foster care for almost his entire life. Father had never met the child and had been incarcerated since before the child was

---

[3] Proof by a preponderance of the evidence is the appropriate standard for review of foster care plans. See Padilla v. Norfolk Div. of Soc. Servs., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996).

born. Father told the circuit court that his expected release date is December 2019, but there was no evidence that he had appropriate housing or employment upon his release.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 322, 746 S.E.2d 509, 522 (2013) (quoting Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990)).

Based on the record, the circuit court did not err in approving the foster care goal of adoption.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.