COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


B. W.

v.      Record No. 1659-03-2

RICHMOND DEPARTMENT OF
 SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 30, 2003

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge

(Janet E. Moran, on brief), for appellant.

(Kate O'Leary; Office of the City Attorney, on brief), for appellee.

(Patricia Barnett, on brief), Guardian *ad litem* for the infant child.


B.W. (mother) appeals a decision of the trial court terminating her parental rights to her daughter, B., pursuant to Code § 16.1-283(C)(2).  On appeal, mother contends (1) the trial court erred by admitting out-of-court statements made by J., another of mother's daughters, and (2) the evidence is insufficient to support the termination.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that in June 2000, mother had two daughters, J. and S. At that time, the Richmond Department of Social Services (the Department) filed petitions alleging the two children were abused and/or neglected. The children remained in Department custody until August 2000, at which time they were returned to the home mother shared with S.O., the father of S. and B. The Department provided in-home services, but mother was unable to care for or protect her children.

On January 22, 2001, S. died as a result of severe child abuse. Dr. Martha Campbell treated S. at the hospital. She testified mother provided her with impossible explanations for the injuries S. exhibited. Mother was incarcerated on charges involving S.'s sexual abuse and death.[1] At that time custody of J. was transferred to J.'s father. Shortly thereafter, J.'s father died and the Richmond Juvenile and Domestic Relations District Court transferred custody of J. to her paternal grandmother in Texas, where J. remained at the time of the trial. Elaine Cole, J.'s therapist, testified, over mother's objection, that J. reported she was sexually abused by Osborne and that mother was aware of the abuse.

B. was born on May 1, 2001, while mother was incarcerated. B. was placed in foster care two days later. Between the time of B.'s birth and the time of the trial, mother was released from prison and offered an array of services by the Department. Throughout the twenty-four months that B. was in foster care, mother was hospitalized on five occasions and spent fifteen days in jail on a trespassing charge. At the time of the circuit court trial on April 28, 2003, mother was committed at Central State, a psychiatric hospital, and had been there for approximately four months. Mother suffers from depression with psychotic features and is mildly to moderately mentally retarded.

During the time B. was in foster care, the Department provided mother, in part through the Richmond Behavioral Health Authority, with medication management, counseling, and supportive

---

[1] These charges against mother were later *nolle prosequied*.

living services, which included help locating and maintaining housing and financial advice. Nevertheless, mother had five different residences during the two-year period, including two stays at adult group homes. She attempted suicide while in prison. She received psychiatric counseling and was encouraged to continue her counseling following her release from prison. Her psychiatrist, Dr. Renuka Evani, testified mother repeatedly missed scheduled appointments. Evani explained that during her treatment, mother became catatonic and was unable to respond to any external stimuli. Evani testified mother had no insight into her mental illness, her mental retardation, and her limitations.

Dr. Lisa Moon conducted mother's parenting assessment. Moon's evaluation consisted of objective testing and parent-child observation on five separate occasions. Moon concluded mother was unable to concentrate, focus, or maintain attention over long periods of time. Moon determined that mother exhibited a pattern of dependency and passivity which led her to attach to abusive and controlling individuals. Moon found that mother is unlikely to be able to protect her children and lacks the ability to keep a child safe or plan for a child's future.

ANALYSIS

I.

Mother argues the trial court erred by admitting into evidence the testimony of Elaine Cole, J.'s therapist, regarding J.'s out-of-court statements.

Code § 63.2-1522 allows a trial court to admit out-of-court statements made by a child under twelve in civil proceedings involving abuse and neglect when the court finds that the child is unavailable to testify and that the statements being offered "possess particularized guarantees of trustworthiness and reliability."

Mother contends the trial court erred because it did not support its decision with "findings on the record" as required by Code § 63.2-1522(E). Following an examination of the witness

- 3 -

addressing the factors the court is to consider under Code § 63.2-1522(D), the Department

requested that the

> court make the finding that [J.] is unable to testify because she is in
> Texas, and that based on the testimony of Ms. Cole[] that the
> statements that [J.] made to her have a guaranttedness [sic] of
> trustworthiness, and therefore that the two prongs of the statute are
> met and that the court will allow Ms. Cole[] to testify to what [J.]
> told her.

Mother immediately objected. The court then responded: "[Y]our objection is overruled. Go

ahead." The court simply did not make any findings on the record supporting its decision to

admit the statements, as required by Code § 63.2-1522. However, we hold the admission of the

evidence to be harmless error in view of the overwhelming evidence supporting the court's

ultimate holding.

"In short, error which does not injuriously affect the interest of the party complaining is

not reversible." Jenkins v. Winchester Dep't of Social Servs., 12 Va. App. 1178, 1186, 409

S.E.2d 16, 21 (1991). As noted below, the record amply supports the trial court's conclusion to

terminate mother's residual parental rights. The court terminated mother's parental rights for her

failure to substantially remedy the situation leading to B.'s placement in foster care under Code

§ 16.1-283(C)(2). J.'s statements alleging sexual abuse by B.'s father and indicating mother's

awareness of the abuse, simply played no part in the court's analysis under Code

§ 16.1-283(C)(2). The court focused on mother's inability to maintain adequate housing and

provide a safe environment for B. over a two-year period. Accordingly, the court's admission of

the hearsay evidence did not injuriously affect mother's interest.

II.

Mother contends the evidence was insufficient to support the termination of her parental

rights.

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, (1) that the termination is in the best interests of the child, (2) that "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) that, despite those services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve months from the date the child was placed in foster care."

We are mindful of the principle that "[t]he termination of residual parental rights is a grave, drastic and irreversible action," Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991), but we "'presume[] [the trial court has] thoroughly weighed all the evidence [and] considered the statutory requirements,'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). The court is not required to state its findings of fact and conclusions of law with specificity as long as the record contains evidence to support its decision.

The evidence, viewed in the light most favorable to the Department, proved, by clear and convincing evidence, that appellant, without good cause, failed "to substantially remedy" the conditions "which led to or required continuation of the child's foster care placement" within a reasonable period of time after the Department provided reasonable and appropriate services.

B. entered foster care because mother was incarcerated and unable to provide a safe, stable environment. Twenty-four months after B.'s placement in foster care, mother was still unable to provide for her children. She continued to struggle with her mental impairment and illness, and she was unable to maintain suitable housing.

Mother was institutionalized five times while B. was in foster care, and she moved several times. She spent fifteen days in jail and failed to maintain contact with her psychiatrist. Her parenting evaluation showed she was unable to keep B. from harm. Mother remained in

- 5 -

Central State Hospital at the time of the hearing. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Mother has not provided a stable environment for her children, and she has been unable to address her lack of parenting skills. "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted). The record supports the trial court's finding that the Department presented clear and convincing evidence satisfying the statutory requirements of Code § 16.1-283 and establishing that termination of mother's parental rights is in the child's best interests.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.