COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, McClanahan and Senior Judge Willis


KENNETH WAYNE CADDELL

                                                        MEMORANDUM OPINION*
v.       Record No. 2307-06-2                              PER CURIAM
                                                          MARCH 13, 2007
SPOTSYLVANIA DEPARTMENT
 OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                          George Mason, III, Judge

          (Donald R. Skinker, on briefs), for appellant.

          (Joseph A. Vance, IV; Joseph T. Brown, Guardian *ad litem* for the
          minor children, on brief), for appellee.


        Kenneth Wayne Caddell contends the trial court erred in terminating his parental rights to

his minor children.[1]  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the trial court's decision.

        Caddell is the father of A., age six, and M., age three.  On February 7, 2005, Caddell was

convicted of two felony counts of taking indecent liberties with a minor, and two counts of

aggravated sexual battery.  On March 9, 2005, Caddell was also convicted of aggravated sexual

battery and taking indecent liberties with a minor.  The victim of the crimes was Caddell's

stepchild, who was living with Caddell at the time of the offenses.  Caddell was sentenced to six

years' active time, and anticipates his release in April 2007.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Caddell's parental rights were terminated on August 21, 2006, pursuant to Code
§ 16.1-283(C)(2) and 16.1-283(E)(iii).

Caddell's biological children were removed from their mother's home and placed in foster care on May 13, 2005. They were placed with Caddell's brother and sister-in-law, who have expressed a desire to adopt them. The children "are doing extremely well" in their foster care placement.

At the time of the children's removal, Caddell was incarcerated. He appeals the trial court's finding that termination is in the children's best interests.

When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests. See Toombs v. Lynchburg Div. Of Soc. Servs., 223 Va. 225, 230, 288 S.E.2d 405, 407-08 (1982); Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990). On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley, 9 Va. App. at 329, 387 S.E.2d at 796. Furthermore, the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom. Id. at 328, 387 S.E.2d at 795. "[W]e will not disturb the trial judge's finding unless it is 'plainly wrong or without evidence to support it.'" Richmond Dep't of Soc. Servs. v. Crawley, 47 Va. App. 572, 580, 625 S.E.2d 670, 674 (2006) (quoting M.G. v. Albemarle County Dep't of Soc. Servs., 41 Va. App. 170, 181, 583 S.E.2d 761, 766 (2003)).

At the termination hearing, the trial court heard testimony from Patricia Leggett, an expert on parent/child bonding who interviewed Caddell in the course of preparing a parent evaluation. Leggett testified that Caddell admitted he was guilty of the sexual crimes involving his stepson, and acknowledged extensive alcohol and marijuana use. Caddell also revealed prior convictions for driving under the influence, domestic violence, and sexual battery. While

Caddell expressed love for his children, he had no plans for housing or employment upon his release from prison.

Based upon this evidence, the trial court did not abuse its discretion in finding that termination was in the best interests of the children. Accordingly, the decision of the trial court is summarily affirmed. See Rule 5A:27.

Affirmed.