COURT OF APPEALS OF VIRGINIA


Present:   Judge McClanahan, Senior Judges Coleman and Annunziata


DEBORAH LYNN INSKEEP

                                               MEMORANDUM OPINION[*]
v.      Record No. 1736-04-3                    PER CURIAM
                                               FEBRUARY 8, 2005
ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Charles N. Dorsey, Judge

(Thomas E. Wray, on brief), for appellant.  Appellant submitting on
brief.

(William M. Hackworth, City Attorney; Heather P. Ferguson,
Assistant City Attorney, on brief), for appellee.  Appellee
submitting on brief.

(Joseph F. Vannoy, Guardian *ad litem* for the minor child,
on brief).  Guardian *ad litem* submitting on brief.


        Deborah Lynn Inskeep, mother, appeals the trial court's decision terminating her parental

rights to her son.  Inskeep's "Question Presented" states:  "Whether the Circuit Court for Roanoke

City erred in granting the Roanoke City Department of Social Services petition for termination of

the parental rights of Deborah Inskeep."[1]  We affirm the decision of the trial court.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, a recitation of the facts is not necessary for the

parties' understanding of the disposition of this appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant does not raise the issue of whether the trial court applied the correct standard
or statutory test.  Therefore, we do not reach this issue.  See 5A:18.

When considering the termination of a parent's right to a child, "the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990). "The trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, that (1) the termination is in the best interests of the child, (2) "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) despite those services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve months from the date the child was placed in foster care." The record contains evidence that clearly and convincingly proved that Inskeep failed to "substantially remedy" the conditions "which led to or required continuation of the child's foster care placement" within the statutory time period.

The record supports the trial court's finding that the best interests of the child would be served by terminating Inskeep's parental rights pursuant to Code § 16.1-283(C)(2). We will not disturb the trial court's finding because it was neither plainly wrong nor without evidence to support it. Accordingly, we affirm the judgment.

Affirmed.