COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Felton and Senior Judge Willis


JAMIE ROUTTEN

                                                            MEMORANDUM OPINION[*]
v.        Record No. 2860-04-1                              PER CURIAM
                                                            MAY 24, 2005
HAMPTON DEPARTMENT OF SOCIAL SERVICES


                 FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                              William C. Andrews, III, Judge

                 (Fred C. Hardwick, II; Eusner & Hardwick, P.C., on brief), for
                 appellant.

                 (A. Paul Burton, City Attorney; Lesa J. Yeatts, Deputy City
                 Attorney; William G. Broaddus; Tennille J. Checkovich; Thomas A.
                 Burcher; Guardian *ad litem* for the minor child; McGuire Woods
                 LLP, on brief), for appellee.


        Jamie Routten, mother, appeals the trial court's decision terminating her residual parental

rights to her minor child.  Routten contends the evidence was insufficient to support the termination

under Code § 16.1-283(C)(2) or to support the finding that termination was in her child's best

interest.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                        Background

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence

established that appellant's child, born "cocaine positive" in April 2001, was removed from

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant's care on December 23, 2002 after she left the child with an inappropriate caregiver while she bought cigarettes at 1:00 a.m. and then failed to return home. The child has remained in physical and legal custody of the Hampton Department of Social Services (HDSS) until the present time, more than two years later. The initial foster care plan had a goal of "return to parent" and required appellant to follow through with the Department's recommendations, demonstrate the financial ability to meet the child's needs, provide a safe environment, understand the child's developmental needs, ensure that the child received adequate medical services, demonstrate her ability to provide permanency, and contribute financially to the child's foster care. Later plans included completing a parenting capacity evaluation and parenting classes, working with a reunification worker, complying with her probation requirements, maintaining stable employment and housing, and complying with the recommendations of the parenting classes. HDSS provided services and referrals to appellant between December 2002 and June 2004, and even helped with her transportation to appointments. Despite this assistance, appellant met only one goal, and even that took four attempts. Appellant was incarcerated from December 2002 until April 2003, from August 2003 until October 2003, and from January 2004 until April 2004 for probation violations involving drugs. In the plan dated December 12, 2003, the plan's goal was changed to adoption. Thereafter, HDSS asked the court to terminate appellant's parental rights, and on December 3, 2004, the trial court did so. The trial court found that appellant was unable to remedy her drug abuse problem within a reasonable period of time, noted that appellant acknowledges that her drug abuse problem still exists, and that although appellant loves her child, it is in the child's best interests to live in a stable home environment rather than "suspended in a vacuum while [appellant's] trying to get her life together."

Analysis

When considering termination of a parent's residual parental rights to a child, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990). "The trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, that (1) the termination is in the best interests of the child, (2) "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) despite these services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve months from the date the child was placed in foster care." "[T]ermination of residual parental rights is a grave, drastic, and irreversible action," Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991), and we "'presume[] [the trial court has] thoroughly weighed all the evidence [and] considered the statutory requirements,'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).

The Department proved by clear and convincing evidence that termination of appellant's parental rights was in her child's best interest. The evidence proved that appellant is a drug addict and that her drug abuse led to her incarceration for probation violations on three separate occasions in an eighteen-month period during which time her child remained in foster care. Appellant's inability to remedy this situation led to her child living in foster care for more than two-thirds of his young life. HDSS offered appellant extensive services and help to remedy the conditions that led to

her child living in foster care, and despite these efforts, appellant continues to have drug addiction problems and continues to be unable to care for her child. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

This record supports the trial court's finding that the Department proved by clear and convincing evidence that the best interests of the child would be served by terminating appellant's parental rights pursuant to Code § 16.1-283(C). It is apparent that appellant failed "to substantially remedy" the conditions, despite the many services offered, "which led to or required continuation of the child's foster care placement" within a reasonable period of time. Accordingly, we summarily affirm the judgment. See Rule 5A:27.

Affirmed.