COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Haley and Senior Judge Coleman

DEMETRICE LASSITER

MEMORANDUM OPINION*

v.        Record No. 1005-06-2                    PER CURIAM
                                                  OCTOBER 10, 2006

CHILDREN'S HOME SOCIETY OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge

(Robert D. Shrader, Jr.; Steingold and Shrader, P.L.C., on brief), for
appellant.

(Janet E. Moran; Michael R. Talbert, Sr., Guardian *ad litem* for the
minor child, on brief), for appellee.


Demetrice Lassiter appeals the trial judge's decision terminating her parental rights to her

minor child. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Background

We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). So viewed, the evidence at the

evidentiary hearing established that Lassiter's child was born November 29, 2001. In 2002, Lassiter

twice placed her child in the care and custody of the Children's Home Society of Virginia. On

March 31, 2004, Lassiter again placed her child in the care of the Home Society and signed a

temporary entrustment agreement. Lassiter sought the placement of her child with the Home

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Society while "she was trying to stabilize her current situation" by obtaining stable housing and employment. During one of these placements, she initially discussed placing the child for adoption.

The Home Society provided Lassiter a list of referrals, housing options, and parenting classes, and it provided resources to assist in job placement and offered her regular visitations. Lassiter refused to sign the form acknowledging these referrals because she "didn't feel that it was fair." Lassiter was informed, however, that the entrustment was temporary and that the Home Society would seek a court order if her circumstances had not changed in 90 days. Later, Lassiter sought transitional housing at CEATTA house and was approved for that housing on April 29, 2004. Lassiter was asked to leave CEATTA house after she "had a positive urine screen." During this time, Lassiter had a relapse with alcohol and visited her child only fifteen of the twenty-seven scheduled visits. During at least one of the visits, Lassiter smelled of alcohol. When Lassiter failed to address the needs that required her to entrust her child to the Home Society, the Home Society sought an order changing custody. Lassiter's mother, who had been considered as a possible placement option, withdrew her petition for custody.

At the hearing, Lassiter testified that she lived at the Salvation Army shelter and that she had recently been admitted to a psychiatric hospital for six days after experiencing an anxiety attack. Her older daughter lives with the daughter's father because Lassiter was unable to care for her. Lassiter said she had been convicted of a "domestic felony" in 2001 and that this conviction had prevented her from finding stable employment. Lassiter said she sometimes cleans houses and does "nursing and . . . housekeeping" but that "it varies." She testified that she had not "had a nursing assignment in a while." Lassiter acknowledged that she had an alcohol and drug history but said she had been "clean" for about a month. Although Lassiter testified she suffered from post-partum depression, she acknowledged she never mentioned this condition to medical professionals and never sought treatment for it. Lassiter testified, "There's a lot of things that [she has] to do before

[she] can provide for [her child]." Lassiter acknowledged at the hearing that she was not in a position, as of that day, to care for her child and had not been able to care for him since she left him with the Home Society almost two years earlier. At the hearing date of January 23, 2006, the child had been in foster care for over a year.

Analysis

When considering termination of a parent's residual rights to a child, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990). "The trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

The trial judge terminated Lassiter's parental rights pursuant to Code § 16.1-283(C)(1) and 16.1-283(C)(2). Code § 16.1-283(C)(1) provides in part that parental rights may be terminated if the judge finds by clear and convincing evidence that termination is the child's best interest and finds:

> The parent . . . [has], without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship.

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, (1) that the termination is in the best interests of the child, (2) that "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) that, despite these services, the parent has

failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve months from the date the child was placed in foster care." We have noted that "termination of residual parental rights is a grave, drastic, and irreversible action," Helen W. v. Fairfax County Dep't of Human Devel., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991), but we give great deference to a trial judge's findings when they are based on evidence heard ore tenus. Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).

The trial judge found that the Home Society proved by clear and convincing evidence that termination of Lassiter's parental rights was in her child's best interest. Although she acknowledged to the trial judge that she was not yet ready to care for her child, she contends she had good cause for failing to plan for her child's future and for failing to substantially remedy the conditions that led her to entrust her child to foster care. The evidence proved, however, that, although Lassiter was offered services and assistance, she failed to make any progress in finding stable employment or housing and failed to substantially plan for her child's future. The trial judge was entitled to disbelieve Lassiter's bare assertion that she suffers from post-partum depression. She has never mentioned this condition to a medical professional. We hold, therefore, that this does not constitute "good cause" for her failure to remedy the conditions leading to her child's entrustment. Lassiter testified that even now, after almost two years, she is not ready or able to care for her child. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record supports the trial judge's finding that the evidence proved by clear and convincing evidence that Lassiter's parental rights should be terminated pursuant to Code

§ 16.1-283 and that the termination of Lassiter's parental rights was in her child's best interest.

Accordingly, we summarily affirm the judgment.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>