COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Haley and Senior Judge Willis


TANISHA KELLY

MEMORANDUM OPINION[*]

v.        Record No. 0426-09-2

PER CURIAM
DECEMBER 15, 2009

HOPEWELL DEPARTMENT
   OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Samuel E. Campbell, Judge

(John A. Kirkland; Law Offices of David L. Cloninger, on brief), for
appellant.  Appellant submitting on brief.

(Joan M. O'Donnell; Christopher B. Ackerman, Guardian *ad litem*
for minor child C.S.; Rosalyn P. Vergara, Guardian *ad litem* for
minor child A.B., on brief), for appellee.  Appellee and Guardians
*ad litem* submitting on brief.


Tanisha Kelly appeals the termination of her residual parental rights to her children, A.B.

and C.S., pursuant to Code § 16.1-283(B)(2) and (E).  She argues the trial court erred in finding

the evidence sufficient to terminate her parental rights under either section.  She also asserts the

trial court abused its discretion by determining A.B. was not of the age of discretion under Code

§ 16.1-283(G).  Upon reviewing the record and briefs of the parties, we conclude this appeal is

without merit.

I.

When reviewing a decision to terminate parental rights, we presume the circuit court

"'thoroughly weighed all the evidence, considered the statutory requirements, and made its

determination based on the child's best interests.'"  Toms v. Hanover Dep't of Soc. Servs., 46

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting <u>Fields v. Dinwiddie County Dep't of Soc. Servs.</u>, 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "'The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it."'" <u>Id.</u> at 266, 616 S.E.2d at 769 (quoting <u>Fields</u>, 46 Va. App. at 7, 614 S.E.2d at 659 (other citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" <u>Id.</u> (quoting <u>Farley v. Farley</u>, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Code § 16.1-283(B) provides in pertinent part that the residual parental rights of a parent of a child found by the court to be neglected or abused and placed in foster care as a result of court commitment may be terminated if clear and convincing evidence proves that it is in the best interests of the child and that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

Here, the record contains credible evidence to support the trial court's decision to terminate mother's residual parental rights to her children, and to support a finding that the Hopewell Department of Social Services ("DSS") proved by clear and convincing evidence the requirements necessary for termination under Code § 16.1-283(B).

Viewing the evidence in the light most favorable to DSS, the prevailing party below, and granting to it all reasonable inferences fairly deducible therefrom, <u>see</u> <u>Logan v. Fairfax County Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991), it established that on April 18, 2008, A.B. and C.S., mother's children, were removed from mother's care after DSS learned the children had been abused while in mother's care by Curtis Simmons, with whom

mother and the children lived. The juvenile and domestic relations district court determined A.B. had been abused or neglected and subjected to aggravated circumstances and that C.S. had been abused or neglected. Mother appealed to the circuit court, which made similar findings. That decision was appealed to this Court, where we affirmed the circuit court's findings that both children had been abused or neglected. See Kelly v. Hopewell Dep't of Soc. Servs., Record No. 2824-08-2 (Va. Ct. App. May 5, 2009).

DSS removed the children from mother's care because she failed to take any precautions following A.B.'s disclosure of Simmons' sexual abuse in 2006, when A.B. first alerted mother to the improper contact. Following Simmons' incarceration, mother continued to contact him regularly, including the day of the termination hearing. Furthermore, mother provided inconsistent and inaccurate testimony during the hearing. Despite mother's stable housing and assurances that in the future she would believe her daughter if she complained of any sexual abuse, the trial court found her testimony unconvincing.

"Virginia law recognizes the 'maxim that, sometimes, the most reliable way to gauge a person's future actions is to examine those of his past.'" Toms, 46 Va. App. at 267-68, 616 S.E.2d at 770 (quoting Petry v. Petry, 41 Va. App. 782, 793, 489 S.E.2d 458, 463 (2003)). In this regard, mother's "'past actions . . . over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 696-97, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)). Mother had a long history of ignoring and permitting the abuse the children suffered at the hands of Simmons. She disregarded her daughter's repeated complaints and made no attempt to stop the abuse or help her children. Based upon mother's history, we find no error in the trial court's decision to terminate her parental rights under Code § 16.1-283(B).

In determining what is in the best interests of a child,

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

The trial court concluded it was in the children's best interests to terminate mother's parental rights based upon mother's continued relationship with Simmons despite his conviction for sexual abuse and mother's failure to cooperate with DSS's efforts to ensure the safety of the children. The record supports the court's determination.

## II.

Mother also contends the trial court erred in terminating her residual parental rights pursuant to Code § 16.1-283(E). Because we conclude the trial court's decision terminating mother's parental rights was warranted under Code § 16.1-283(B)(2), we need not reach this issue. When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds. See Fields, 46 Va. App. at 8, 614 S.E.2d at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

## III.

> Code § 16.1-283 establishes the procedures and grounds pursuant to which a court may order the termination of residual parental rights. The section contains a "child preference clause" that limits the power of a court to terminate parental rights in certain circumstances. Code § 16.1-283(E) states:

> Notwithstanding any other provisions of this section, residual parental rights shall not be terminated if it is established that the child, if he is fourteen years of age or older *or otherwise of an age of discretion as determined by the court,* objects to such termination.
>
> (Emphasis added). A child who falls under one of the classes of children described in the statute "must be afforded a meaningful opportunity to object" to the proceeding to terminate the residual parental rights of his or her parent. Deahl v. Winchester Dept. of Social Services, 224 Va. 664, 676, 299 S.E.2d 863, 869 (1983).

Hawks v. Dinwiddie Dep't of Soc. Servs., 25 Va. App. 247, 252-53, 487 S.E.2d 285, 287-88 (1997).

"In cases in which the testimony of a child younger than fourteen is sought, the determination of whether or not the child has reached an 'age of discretion' is committed to the sound discretion of the trial court." Id. at 253, 487 S.E.2d at 288.

> When determining whether a child is mature enough to have intelligent views and wishes on the subject, the trial court should consider all of the circumstances, including the "capacity, information, intelligence, and judgment of the child." Coffee v. Black, 82 Va. 567, 569-70 (1886). The trial court's determination will be reversed on appeal only for an abuse of discretion.

Id.

In this case, the trial court concluded A.B. was less than fourteen and had "not otherwise reached an age of discretion." The court based its ruling after having observed the child testify at two prior hearings and having been familiar with the background of this case. The court had the opportunity to observe the child and assess her emotional stability and psychological development. A.B.'s guardian *ad litem* informed the court that A.B.'s position on the termination of mother's parental rights changed "with every conversation," indicating that the child was not sufficiently mature to have an intelligent view on the subject of the termination. "[T]he focus of the inquiry is whether the child, regardless of how old he or she may be, is

mature enough to intelligently consider the circumstances and ramifications of the termination proceeding." Id. at 255, 487 S.E.2d at 289. The trial court's observations, combined with other competent evidence, support the court's conclusion that A.B. was not mature enough to consider the issues raised by the termination proceeding. We find no abuse of discretion in the court's ruling.

Accordingly, the trial court's decision is affirmed.

Affirmed.