COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judge Alston, Senior Judge Coleman and Retired Judge Hodges[*]


JOEVANY RODRIGUEZ

                                                    MEMORANDUM OPINION[**]
v.        Record No. 0847-13-3                           PER CURIAM
                                                      DECEMBER 10, 2013

FRANKLIN COUNTY DEPARTMENT
 OF SOCIAL SERVICES


           FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                   William N. Alexander, II, Judge

           (Stephen M. Maddy; Maddy & Nester, PLLC, on brief), for
           appellant.  Appellant submitting on brief.

           (Carolyn H. Furrow; Deanna P. Stone, Guardian *ad litem* for the
           infant children; Rhodes, Ferguson & Stone, Ltd., on brief), for
           appellee.  Appellee and Guardian *ad litem* submitting on brief.


       Joevany Rodriguez, appellant, appeals the order terminating his residual parental rights to

his three minor children.  Appellant contends the trial court erred by finding the Department

presented clear and convincing evidence sufficient to terminate his residual parental rights pursuant

to Code § 16.1-283(B).  Upon review of the record and briefs of the parties, we conclude that the

trial court did not err.  Accordingly, we affirm the decision of the trial court.

                 When addressing matters concerning the custody and care of a child,
                 this Court's paramount consideration is the child's best interests.  On
                 appeal, we presume that the trial court thoroughly weighed all the
                 evidence, considered the statutory requirements, and made its
                 determination based on the child's best interests.  The trial court is
                 vested with broad discretion in making decisions "necessary to guard
                 and to foster a child's best interests."  We will not disturb a trial

---

[*] Retired Judge William H. Hodges took part in the consideration of this case by
designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court's factual findings on appeal unless plainly wrong or without evidence to support them.

Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 211, 597 S.E.2d 214, 217 (2004) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)) (citations omitted). "Furthermore, the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom." Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

In May of 2011, appellant was imprisoned on felony charges in Pennsylvania. Kimberly Maul, then mother of the children, was unable to care for and shelter their three minor children. Mother and children were homeless and could no longer stay in the shelter in which they had been residing. Mother requested that the children be removed from her care. The parents had a history of drug abuse, violence, and abandonment. Both appellant and mother had been incarcerated, both used drugs, and appellant would beat the children in mother's absence.

The oldest child came into care with seventeen cavities. The middle child was out of control, threatening family members and others, was exhibiting psychotic behaviors, and was on anti-psychotic medication. The youngest child was in the best physical condition. All children were behind in their immunizations.

By June of 2011, appellant was on parole and had moved to Virginia, but could not find housing. Appellant filed for custody of the children and attended one court hearing. At a July 2011 hearing, appellant did not appear because he had returned to Pennsylvania since he could not find stable housing in Virginia as required for his parole. Appellant and mother were ordered to, *inter alia*, complete psychological and substance abuse evaluations, attend parent, psychological, and substance abuse counseling, maintain employment and housing, and cooperate with the Department, with the goal of returning the children home. Appellant failed to complete any of the required conditions in the service plan. Appellant missed all court appearances after the June 2011 hearing.

After he returned to Pennsylvania, he reportedly moved to Georgia and Florida, but his whereabouts were unknown. Appellant did not maintain contact with his attorney or the Department.

Notably, the children have been thriving in foster care. The children are healthy and have resolved many behavioral problems (e.g., the middle child no longer requires anti-psychotic medication).

Appellant contends the Department failed to show that he abused or neglected the children. Appellant asserts there was no evidence that he was not attempting to meet the goals of the service plan. We disagree.

The Department proffered evidence that appellant beat the children and that they were affected by his substance abuse and incarcerations. While appellant filed for custody of the children, he did nothing toward complying with the conditions of returning the children home. He did not complete any psychological, parenting, or substance abuse evaluations or counseling. Appellant was unable to secure housing. Appellant did not maintain contact with the Department and failed to notify them of his whereabouts. Appellant failed to appear at all court proceedings after June 2011. From this evidence, the trial court reasonably concluded appellant would not remedy the conditions that led to foster care and abandoned his children once he relocated and discontinued all contact with the Department. The evidence supports the trial court's conclusions that the children's health, safety, and development were threatened, that appellant was not able to correct or eliminate the problems that led to foster care placement, and that it was in the children's best interests to terminate appellant's residual parental rights. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his or [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, the trial court did not err by terminating appellant's residual parental rights to all three children. For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>