COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner

XOCHITL GOMEZ

MEMORANDUM OPINION[*]

v.      Record No. 1683-13-4                                        PER CURIAM
                                                                   APRIL 15, 2014

LOUDOUN COUNTY DEPARTMENT
 OF FAMILY SERVICES

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

(Robert M. Vernail, on brief), for appellant.

(Sandra A. Glenney, Assistant County Attorney; Renee Berard,
Guardian *ad litem* for the infant child; Alex Levay, PLLC, on brief),
for appellee.


Xochitl Gomez, appellant, appeals the order terminating her residual parental rights to her

daughter, V.G.  Appellant contends the trial court erred by finding sufficient evidence that (1) she

could not substantially correct or eliminate the conditions which resulted in neglect or abuse and

(2) she was unwilling or unable within a reasonable period of time to substantially remedy the

conditions which required continued foster care.  Upon review of the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.

> When addressing matters concerning the custody and care of a child,
> this Court's paramount consideration is the child's best interests.  On
> appeal, we presume that the trial court thoroughly weighed all the
> evidence, considered the statutory requirements, and made its
> determination based on the child's best interests.  The trial court is
> vested with broad discretion in making decisions "necessary to guard
> and to foster a child's best interests."  We will not disturb a trial

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court's factual findings on appeal unless plainly wrong or without evidence to support them.

Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 212, 597 S.E.2d 214, 217 (2004) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)) (citations omitted). "Furthermore, the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom." Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Viewed in this light, the evidence adduced at trial showed appellant lived with her son, R.M., and daughter, V.G., in Loudoun County when the Loudoun County Department of Family Services (the Department) opened a file on the family in January 2010. R.M. had bruising on his body, and the Department suspected abuse. By May 2010, the Department placed both children with Luz Mora, an aunt. At that time, appellant was admittedly drinking a lot of alcohol. By June 2010, Mora was unable to continue taking care of V.G. because the child was difficult to handle. The Department removed V.G. from the home, by emergency protective order, and took custody of her. The Department filed a petition alleging neglect and abuse of V.G., and the juvenile and domestic relations district court (JDR court) found sufficient evidence of such in September 2010. V.G. remained in foster care at that time with the goal to return home.

Appellant complied with substance abuse counseling, completed parenting and domestic violence classes, obtained a proper visa, maintained a steady home with her boyfriend, and kept regular visitation with V.G. By spring of 2011, the Department maintained custody of V.G., though she returned to live with appellant.

The Department set a hearing for permanency planning with the goal of returning V.G. home. However, just prior to the September 2011 hearing, appellant struck V.G. with a belt, causing bruising on her face and back. A police officer, reporting to the home to investigate the criminal charge, observed that appellant had bloodshot eyes, was unsteady, and smelled of alcohol.

Appellant reported that she drank alcohol after the incident and indicated she needed help and would return to AA. Appellant claimed she was attempting to discipline V.G., not abuse her, and the belt accidentally whipped around V.G.'s body. V.G. returned to foster care. The Department filed a new foster care plan with a goal of adoption.

Due to this new allegation of abuse, the Prince William County Department of Social Services sought a child protective order for R.M. The Prince William County Department assigned a social worker to R.M. and appellant. At this point, both departments worked with, provided services for, and monitored appellant.

Appellant attended additional substance abuse, domestic violence, and parenting classes, maintained employment and housing, and had regular contact with V.G. In February 2012, the JDR court did not terminate appellant's parental rights and disapproved the goal of adoption. The JDR court approved the goal of return home in April 2012. In May 2012, one of the social workers found a beer bottle hidden in a couch in the residence. Appellant denied it was hers. In August 2012, the Department renewed its goal of return home and scheduled another permanency planning hearing for October 2012. Two to three months before the October hearing, appellant tested positive for alcohol, though she denied the allegation. She continued to comply with probation, supervision, and substance abuse counseling.

Prior to the October 2012 hearing, appellant's boyfriend notified the Prince William County Department social worker that appellant had been drinking for a week, was not eating, and was throwing up. The social worker went to the residence and found appellant smelling of alcohol and looking disheveled. The social worker suggested appellant seek inpatient treatment, but appellant declined, indicating outpatient counseling was sufficient. At that point, R.M was out of appellant's home, again living with Mora, and the Prince William County Department was closing his case.

By the hearing in October 2012, R.M. reported appellant was drinking alcohol and being abusive. The JDR court disapproved the goal to return home. In November 2012, the Department filed a new foster care plan with the goal of adoption and renewed its petition to terminate appellant's residual parental rights. The JDR court approved the foster care plan of adoption and terminated appellant's parental rights in December 2012. Appellant appealed to the circuit court.

At trial, R.M. testified that during the summer of 2012, when he was living with appellant, he observed appellant regularly drinking alcohol. He stated she would have the tenants in the residence hide alcohol for her. R.M. indicated there was "a lot" of beer, and he estimated seeing a twenty-four pack a week. R.M. recounted that his mother told him not to tell anyone about her drinking alcohol. R.M. also testified his mother hit him and called him names. Appellant's boyfriend denied any abuse of appellant's son, nor seeing appellant regularly drink alcohol, other than the incident he reported.

The trial court granted the petition to terminate appellant's parental rights and approved the foster care plan of adoption. The trial court noted that appellant had been compliant in completing services and making "significant efforts" to maintain her relationship with V.G. Nevertheless, the trial court highlighted that despite the rehabilitative efforts, after V.G. returned home for several months, appellant was "out of control" and "us[ed] a form of discipline that created injury to the child," referring to the belt incident. The trial judge stated,

> [W]e have to be concerned because there has been a history of getting close to the finish and then failing. And that is problematic. And it is not just the alcohol. . . . [I]t is a much bigger picture in my mind. It is her ability as a parent to control her emotions and her temper and her behavior such that this child is not going to be faced with another belt incident or something else of that sort.

The trial court deemed R.M.'s testimony to be credible and rejected appellant's testimony regarding her explanation of the belt incident and her denial and minimization of her alcohol use. The trial court also disbelieved appellant's boyfriend's testimony regarding appellant's alcohol use and his

- 4 -

claim there was no physical or verbal abuse in the home. This Court will not disturb these credibility findings.

The trial court terminated appellant's parental rights pursuant to Code § 16.1-283(B) and 16.1-283(C), finding that appellant could not substantially correct or eliminate the conditions which resulted in neglect or abuse and that she was unwilling or unable within a reasonable period of time to substantially remedy the conditions which required continued foster care. In support of the trial court's findings pursuant to Code § 16.1-283(B) and (C), the trial court noted that despite parenting classes and substance abuse counseling, appellant could not implement what she learned. Once V.G. was returned to the home, appellant could not control her actions and V.G. suffered more abuse. Further, R.M. indicated appellant was regularly consuming alcohol and continuing to be abusive, such that he did not feel safe in appellant's care. Appellant was minimizing and hiding her alcohol use. This evidence demonstrates appellant's inability to correct or eliminate the conditions and adequately proves that appellant was unable to correct the conditions in the future. Notably, Code § 16.1-283(C) requires substantial remediation within a reasonable time, not to exceed twelve months; V.G. had been in foster care for three years. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his or [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). The evidence supports the trial court's factual findings, and its judgment was not plainly wrong.

Accordingly, the trial court did not err by terminating appellant's residual parental rights to V.G. For the foregoing reasons, the trial court's ruling is summarily affirmed.

Affirmed.