COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Senior Judge Bumgardner

OTIS LEE DOUGLAS, SR.

MEMORANDUM OPINION[*]

v.      Record No. 2176-13-3

PER CURIAM
MAY 6, 2014

LYNCHBURG DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

(Robert R. Feagans, Jr., on brief), for appellant.

(Susan L. Hartman, Assistant City Attorney, on brief), for appellee.

(P. Scott De Bruin, on brief), Guardian *ad litem* for the infant
children.

Otis Lee Douglas, Sr., appellant, appeals the order terminating his residual parental rights to

his three children. Appellant contends the trial court erred by finding sufficient evidence that (1) he

was responsible for the conditions leading to his children being placed in foster care and that he had

not substantially complied with required remedial services; and (2) that he failed to complete

recommended remedial services. Upon review of the record and briefs of the parties, we conclude

that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.

Rule 5A:27.

> When addressing matters concerning the custody and care of a child,
> this Court's paramount consideration is the child's best interests. On
> appeal, we presume that the trial court thoroughly weighed all the
> evidence, considered the statutory requirements, and made its
> determination based on the child's best interests. The trial court is
> vested with broad discretion in making decisions "necessary to guard
> and to foster a child's best interests." We will not disturb a trial

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court's factual findings on appeal unless plainly wrong or without evidence to support them.

Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 212, 597 S.E.2d 214, 217 (2004) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)) (citations omitted). "Furthermore, the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom." Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Viewed in this light, the evidence adduced at trial showed that appellant and Jennifer Jones, the children's mother, had a prior history of domestic violence, both having criminal convictions for assaulting the other. The family had been involved with a number of social services agencies since 2001 with allegations of physical abuse of the children, the children witnessing physical violence between the parents, and the children witnessing appellant selling drugs from the home. The Lynchburg Department of Social Services (the Department) removed the three children involved in this case, one daughter and two sons, from their home on December 1, 2011. The Department received an abuse complaint on November 22, 2011, that their daughter had bruises on her back. Jones admitted she had "whooped" her daughter. Jones also recounted appellant sold drugs from the home and that their daughter took nude photographs of Jones to text to appellant. Once the children were in the Department's care, they confirmed another complaint of physical abuse against the daughter by appellant.

Appellant maintained visitation and contact with the children. He attended parenting classes, substance abuse and mental health counseling, and family partnership meetings. Appellant, however, refused several drug screens or alternatively tested positive for cocaine and marijuana from January to June 2012. Thereafter, appellant appeared to maintain sobriety. Visitation increased and appellant and mother continued with counseling, though they reported that they had separated after appellant filed an unlawful detainer against Jones to get her out of the house. The

Department worked with appellant toward returning the children to his care. After three weeks of home visitations, appellant was arrested and incarcerated for distribution of cocaine.

After appellant's arrest, the Department started to work toward returning the children to Jones' care. The Department did an unannounced visit to Jones' home to do a drug screen. Initially, Jones denied being in the house. However, she later admitted she was there and when the Department entered the home, they found appellant hiding in a closet. The Department later obtained recorded phone conversations that revealed appellant and Jones were keeping their continued relationship secret, acknowledging their contact would likely prevent the return of the children. Appellant acknowledged at trial that he and Jones had been together so long there was no reason to change their relationship.

Counselors who testified all agreed the relationship between appellant and Jones was detrimental to the welfare of the children. All three children exhibited behavioral problems when taken into foster care. All three were working with counselors who testified that once the juvenile and domestic relations district court terminated the parental rights of both parents, all three children's behavior improved dramatically. They respected their foster parents, began improving in and enjoying school, and treated each other and their peers appropriately.

Appellant pled guilty to the distribution of cocaine charge and was awaiting sentencing at the time of the circuit court hearing. All parties recognized appellant was likely to receive a significant period of incarceration based on the nature of the charge and his prior criminal record. Although appellant and the Department considered his adult daughter, Brittany Douglas, as a possible relative placement, the Department determined that arrangement was not suitable. Brittany had no job, and her only source of income was appellant and a social security check owed to another sibling for whom she was caring. However, that check was soon to be going to her grandmother because the sibling was moving to the grandparent's care. Brittany's residence was also too small

for the three children, and it was a fire hazard from the clutter in the home. Further, appellant and Brittany were relying on unnamed family to financially help Brittany care for the children, though appellant provided no specific details about the viability of this prospect. The children were in foster care almost two years by the time of the circuit court proceedings.

The trial court terminated appellant's parental rights pursuant to Code § 16.1-283(B) and 16.1-283(C)(2), finding that the conditions which led to foster placement could not be substantially remedied to allow for the children's return to appellant and that appellant had been unable or unwilling to substantially remedy the conditions within a reasonable period of time. Appellant had a history of harshly disciplining the children, exposing them to drug dealing, physically and verbally abusing the children, and physically and verbally abusing Jones, sometimes in the children's presence. Although appellant was the more "nurturing" of the two parents, he had a history of anger issues, depression, and an inability to control his actions, particularly around Jones. While appellant maintained contact with the children and attended counseling, he nevertheless was maintaining a secret relationship with Jones, which by all accounts was a relationship detrimental to the well-being of the children. By the time of the circuit court hearing, appellant pled guilty to and was awaiting sentencing on felony cocaine distribution charges and was likely to receive a lengthy period of incarceration. Appellant exercised poor judgment by having Nathaniel Shane Alley, a registered violent sex offender, living in the home, not realizing that circumstance may have an adverse effect on the decision to return the children to his home. Further, although appellant appeared to be maintaining his sobriety, just as he was actively working toward the return of the children, he was arrested for selling cocaine. As the trial court noted, appellant was in a "worse position" than he was when the children were initially taken out of his care.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his or [or her] responsibilities."

- 4 -

<u>Kaywood v. Halifax Cnty. Dep't of Soc. Servs.</u>, 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). The record establishes the children were removed from the home in part due to appellant's abuse and neglect of the children, including physical abuse of his daughter, and selling drugs from the home. His actions in the almost two years following their placement in foster care demonstrated appellant's inability or unwillingness to substantially remedy the conditions that led to the placement. Despite appellant's claims that he completed services, he was unable to show that he could apply what he had been counseled to do. Further, all three children were thriving in foster care, showing great improvement once the parents' rights were terminated. The evidence supports the trial court's factual findings, and its judgment was not plainly wrong.

Accordingly, the trial court did not err by terminating appellant's residual parental rights to the three children. For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>