UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Alston, Chafin and Senior Judge Haley


LOTORIA CARLOS

v.      Record No. 1631-14-1

CITY OF VIRGINIA BEACH
  DEPARTMENT OF HUMAN SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 3, 2015


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

(Corrynn J. Peters; Phillips & Peters, PLLC, on brief), for appellant.

(Mark D. Stiles, City Attorney; Christopher S. Boynton, Deputy City Attorney; Elena E. Ilardi, Associate City Attorney; Sharon Ann Hefner, Guardian *ad litem* for the infant children, on brief), for appellee.


Lotoria Carlos, appellant, appeals the order terminating her residual parental rights to her eleven children.[1] Appellant contends that the trial court erred by finding the evidence was sufficient to support by clear and convincing evidence that her residual parental rights should be terminated. Upon review of the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

> When addressing matters concerning the custody and care of a child, this Court's paramount consideration is the child's best interests. On appeal, we presume that the trial court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests. The trial court is vested with broad discretion in making decisions "necessary

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was pregnant when the eleven children were removed; upon the birth of the twelfth child, the Department removed that child and placed him with family members. That child is not a subject of this appeal.

to guard and to foster a child's best interests." We will not disturb a trial court's factual findings on appeal unless plainly wrong or without evidence to support them.

Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 211, 597 S.E.2d 214, 217 (2004) (citations omitted) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)). "Furthermore, the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom." Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Viewed in this light, the evidence adduced at trial established that in 2005-2006, the Department removed five children from appellant's home due to lack of supervision. Appellant complied with all services, and the children were returned to her home. In April 2013, the Department removed all of appellant's eleven children. Appellant's oldest child called 911 to report that appellant was threatening the children with a knife. The child testified that appellant would often beat him and his siblings, ranging from 5 to 14 years of age, with their pants down to discipline them. She would use any object that was nearby, such as brooms, belts, or wires. Sometimes the objects would break the skin, and other times the children would be bruised. The children would sometimes have to wear long sleeves or pants to cover up their injuries when they went to school. The oldest son also described appellant's emotional breakdowns.

During the pendency of the dispositional hearing, appellant completed all of the classes required by the Department, as well as the evaluations and counseling as directed. With the help of her case worker, appellant secured a seven-bedroom home and participated in supervised visitation. The therapeutic doctors that worked with appellant could not recommend the return of even one child, much less eleven children, to appellant's care. Despite all of the services provided, appellant continued to deny that the event in April occurred or that she threatened, abused, or neglected the children. After approximately fifty sessions with appellant, one doctor stated appellant still had not

reached a point of talking about the April 2013 incident with the knife and the doctor could not provide an estimate for how long it would take to get to that point.

The trial court found that the "therapy reports and CASA reports all indicate that the children are thriving in foster care." The trial court also recognized that appellant "did do a significant amount of things" and did all that the Department asked her to do. Critical to the trial court's consideration was that despite the reasonable efforts of the Department and appellant, however, appellant could not, even when testifying before the court, admit that she threatened, abused, or neglected the children.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his or [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). The trial court terminated appellant's parental rights pursuant to Code § 16.1-283(C)(2), finding that the conditions which led to foster placement could not be substantially remedied to allow for the children's return to appellant and that appellant had been unable or unwilling to substantially remedy the conditions within a reasonable period of time. Despite appellant's efforts to complete services, she was unable to show that she could apply what she had been counseled to do in the best interest of the children. Further, all eleven children were thriving in foster care. The clear and convincing evidence presented in this matter supports the trial court's findings, and its judgment was not plainly wrong.

Accordingly, the trial court did not err by terminating appellant's residual parental rights to the eleven children. For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.