COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judge Alston, Senior Judge Coleman and Retired Judge Hodges[*]


KIMBERLY MAUL, S/K/A
 KIMBERLY ROSE MAUL

                                                         MEMORANDUM OPINION[**]
v.        Record No. 0817-13-3                                 PER CURIAM
                                                          DECEMBER 10, 2013

FRANKLIN COUNTY DEPARTMENT
 OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                          William N. Alexander, II, Judge

               (Melissa P. Keen; Furrow & Keen, P.C., on brief), for appellant.
               Appellant submitting on brief.

               (Carolyn H. Furrow; Deanna P. Stone, Guardian *ad litem* for the
               infant children; Rhodes, Ferguson & Stone, Ltd., on brief), for
               appellee.  Appellee and Guardian *ad litem* submitting on brief.


       Kimberly Maul, appellant, appeals the order terminating her residual parental rights to her

three children.  Appellant contends that the trial court erred by finding the Department met its

burden of proof that the abuse and neglect suffered by the children presented a serious and

substantial threat, that the conditions which resulted in such neglect or abuse could not be corrected

or eliminated, and that termination of her residual parental rights was in the best interests of the

children.  Upon review of the record and briefs of the parties, we conclude that the trial court did not

err.  Accordingly, we affirm the decision of the trial court.

               When addressing matters concerning the custody and care of a child,
               this Court's paramount consideration is the child's best interests.  On
               appeal, we presume that the trial court thoroughly weighed all the

--------

       [*] Retired Judge William H. Hodges took part in the consideration of this case by
designation pursuant to Code § 17.1-400(D).

       [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> evidence, considered the statutory requirements, and made its
> determination based on the child's best interests. The trial court is
> vested with broad discretion in making decisions "necessary to guard
> and to foster a child's best interests." We will not disturb a trial
> court's factual findings on appeal unless plainly wrong or without
> evidence to support them.

Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 211, 597 S.E.2d 214, 217 (2004) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)) (citations omitted). "Furthermore, the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom." Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

In May 2011, appellant was unable to care for and shelter her three minor children. Joevany Rodriguez, the father of the children, was in prison in Pennsylvania. Appellant and the children were homeless and could no longer stay in the shelter in which they had been residing. Appellant requested that the children be removed from her care. The parents had a history of drug abuse, violence, and abandonment. Both appellant and father had been incarcerated, both used drugs, and father would beat the children in appellant's absence.

The oldest child came into care with seventeen cavities. The middle child was out of control, threatening family members and others, was exhibiting psychotic behaviors, and was on anti-psychotic medication. The youngest child was in the best physical condition. All children were behind in their immunizations.

By July 2011, appellant was ordered to, *inter alia*, complete psychological and substance abuse evaluations, attend parent, psychological, and substance abuse counseling, maintain employment and housing, and cooperate with the Department, with the goal of returning the children to her care. Although she completed the psychological evaluation, appellant missed several appointments and lost the privilege to obtain additional services with Piedmont Community Services. On different occasions, appellant tested positive for marijuana, cocaine, and barbiturates.

Although she was able to obtain housing for a period of time, appellant became homeless again in May 2012. In July of 2012, appellant reported she had moved to Florida and provided the Department with an address. However, the Department was unable to reach her at that address and appellant discontinued all contact with the Department. Appellant missed all court appearances after the Department filed for termination in May 2012, and her whereabouts remain unknown.

Notably, the children have been thriving in foster care. The children are healthy and have resolved many behavioral problems (e.g., the middle child who no longer requires anti-psychotic medication).

Appellant contends the Department failed to show that the abuse and neglect presented a serious and substantial threat to the children's health and development and that the conditions could not be substantially remedied as required by Code § 16.1-283(B). Appellant also asserts the Department did not establish it was in the best interests of the children to terminate her residual parental rights. See id. We disagree.

While appellant was able to obtain housing for a period of time, she failed to maintain it and returned to a homeless women's shelter. Appellant tested positive for illegal substances and could not maintain employment. She did not complete any course of psychological, parenting, or substance abuse counseling and continually missed appointments. After an unsupervised visit with the children, the children's behavior deteriorated. The trial court reasonably found appellant would not and could not remedy the conditions that led to foster care and that appellant abandoned her children once she relocated and discontinued all contact with the Department. The evidence supports the trial court's conclusions that the children's health, safety, and development were threatened, that appellant was not able to correct or eliminate the problems that led to foster care placement, and that it was in the children's best interests to terminate appellant's residual parental rights. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to

- 3 -

find out when, or even if, a parent will be capable of resuming his or [or her] responsibilities."

Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, the trial court did not err by terminating appellant's residual parental rights to all three children.  For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.